■ BARBARA PARNELL, Individually and as Parent and Natural Guardian of LATOYA FLEMING, an Infant, Appellant, v MONTEFIORE MEDICAL CENTER et al., Respondents. [883 NYS2d 5]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered June 11, 2008, dismissing the complaint, unanimously modified, on the law, to reinstate the complaint as against defendant hospital, and otherwise affirmed, without costs.

Dr. Lonner established prima facie that the pneumothorax was not the result of intraoperative negligence. The record discloses that the infant plaintiff was stable during and immediately after surgery, and both intra- and postoperative X rays showed that the chest tube was properly placed and that the right lung was fully inflated. Dr. Lonner's expert averred that there was no evidence to support the allegation that the right lung was injured during surgery. The infant plaintiff's vital signs, together with blood gases and pulse oximetry, ruled out plaintiff's conclusion that her lung had been injured during surgery, as did a chest X ray taken the day after the surgery. Defendant's expert opined that the pneumothorax on the second

day after the surgery was caused by an acute event such as a kinked, blocked or disconnected chest tube.

The assertion of plaintiff's expert that Dr. Lonner was negligent in the insertion of the chest tube is unsupported by a citation to any medical evidence and therefore fails to raise an issue of fact. Plaintiffs identify no medical evidence whatsoever that supports the allegation that the infant plaintiff's lung was injured during the surgery or that the chest tube was improperly inserted.

It is uncontroverted that the postoperative monitoring of the infant plaintiff and the chest tube rested with the thoracic surgeon and the hospital staff. Thus, Dr. Lonner owed the infant plaintiff no duty of care with respect to the monitoring of the chest tube (*see Cintron v New York Med. Coll. Flower & Fifth Ave. Hosps.*, 193 AD2d 551 [1993]; *Markley v Albany Med. Ctr. Hosp.*, 163 AD2d 639 [1990]).

However, we find that there is an issue of fact as to the hospital's negligence. It was the hospital's duty to monitor the patient postoperatively, including monitoring the chest tube and the Pleurovac closed drainage system and all its component parts. The drainage system provided continuous suction to assist in drawing air and fluids out of the pleural space. The assertion of the hospital's expert that there was no evidence that the chest tube became detached from the suction is contrary to the record. Dr. Lonner testified that he noticed that the chest tube connection, specifically the connection between the patient and the canister attached in turn to the wall suction, was detached, and that he immediately reattached the connection and proceeded with the resuscitation. Dr. Lonner also testified that if the tube became detached, air could go back into the pleural space and create a pneumothorax. This testimony alone, that an integral part of the drainage system had become detached and increased the risk of a pneumothorax, the very harm that befell the infant plaintiff, raises an issue of fact as to the hospital's negligence.

Further, plaintiffs' expert averred that it was good and accepted medical practice to check all the component parts of the chest tube and canister every time the patient was seen, at least once every hour, and that had the tube been properly monitored, it would not have become dislodged and the infant plaintiff would not have suffered a pneumothorax. He took issue with the conclusion of the hospital's expert that a mucus plug occasioned the infant plaintiff's respiratory arrest, pointing out that while there was evidence that the tube was dislodged when Dr. Lonner found the infant plaintiff, the medical record

contains no evidence of a mucus plug. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Richter, JJ.