■ RANDALL ASHTON, Respondent, v D.O.C.S. CONTINUUM MEDICAL GROUP et al., Appellants. [891 NYS2d 69]—

The court properly exercised its discretion in directing plaintiff to submit a supplemental expert affirmation stating the basis for the expert's opinion, where defendants were permitted to respond and were not otherwise prejudiced (*see Orsini v Postel*, 267 AD2d 18 [1999]).

The expert medical affirmation submitted by plaintiff, relying on plaintiff's medical records from early 2005 demonstrating the absence of any reference to a cough or a bulge in plaintiff's chest, was sufficient to raise an issue of fact as to whether plaintiff's disease had progressed to the "bulky" stage during the relevant time period and whether his course of treatment would have been different had the disease been diagnosed earlier. Furthermore, the opinion of plaintiff's expert was not merely conclusory, as it relied on plaintiff's medical records to draw conclusions (*see Boston v Weissbart*, 62 AD3d 517 [2009]; *compare Parnell v Montefiore Med. Ctr.*, 63 AD3d 573, 574 [2009]).

Contrary to defendants' contention, since the opinion of plaintiff's expert did not concern a novel scientific theory of causation, a hearing pursuant to *Frye v United States* (293 F 1013 [DC Cir 1923]), was unnecessary (*see e.g. Marsh v Smyth*, 12 AD3d 307 [2004]). Concur—Gonzalez, P.J., Tom, Sweeny, Freedman and Abdus-Salaam, JJ.