Order, Supreme Court, New York County (Milton A. Tingling, J.), entered February 15, 2012, which denied defendants’ motions to dismiss as time-barred any medical malpractice claims arising from care rendered before December 6, 2004, and for summary judgment dismissing any surviving claims, unanimously modified, on the law, to grant the motion to dismiss plaintiffs medical malpractice claims, and otherwise affirmed, without costs.
Plaintiff commenced this action on June 6, 2007, alleging that defendant Lipton departed from accepted medical practice by failing to order a diagnostic CT scan and a pulmonological work-up when plaintiffs decedent presented to NYU Medical Center in September 2004 with symptoms of shortness of breath and edema, inter alia. The 21/2-year statute of limitations on medical malpractice claims was not tolled by the continuous treatment doctrine for the period before December 6, 2004 because defendant’s treatment of the decedent before that date was not for “the same, illness, injury or condition” that gave rise to this action (CPLR 214-a; see Young v New York City Health & Hosps. Corp., 91 NY2d 291 [1998]; Chestnut v Bobb-McKoy, 94 AD3d 659, 661 [1st Dept 2012]). The decedent presented with myriad symptoms, including chest tightness after walking uphill, anemia, tooth complaints, heartburn, and gastrointestinal complaints; he did not present with symptoms typical of pulmonological problems, such as coughing or wheezing, his chest was clear on x-ray, and the tightness in his chest was consistent with his cardiac history.
*464 However, defendants’ motion for summary judgment was properly denied with respect to plaintiffs wrongful death claim. That claim is not time-barred, since the statute of limitations was tolled (see EPTL 5-4.1). While defendants offered a prima facie showing that Lipton did not depart from accepted medical practice by failing to perform diagnostic scans, since such scans were not warranted by the decedent’s presenting symptoms, a question of fact was created by the expert opinion offered by plaintiff (see Cruz v St. Barnabas Hosp., 50 AD3d 382 [1st Dept 2008]). Plaintiff’s expert asserted that the failure to order a pulmonary work-up, including a CT scan, constituted a deviation from the standard of care, in view of the decedent’s presenting symptoms of persistent chest complaints coupled with his past history of testicular cancer, his past radiation treatment, his past history of smoking, and his family history, which was significant for lung and throat cancer — additional risk factors that increased his risk of lung cancer; the expert further asserted that within a reasonable degree of medical certainty, a CT scan at that time would have revealed the primary lung cancer at an early stage. These adequately detailed assertions were sufficient to defeat summary judgment, since they were predicated on specific factual evidence, and were not merely speculation (see Deutsch v Chaglassian, 71 AD3d 718, 719 [2d Dept 2010]). Concur — Tom, J.P., Mazzarelli, Saxe and ManzanetDaniels, JJ.