ROBIN ROBINSON, Respondent, v BRONX-LEBANON HOSPITAL CENTER, Appellant. [979 NYS2d 313]—

On October 8, 2008, Koran Robinson was born prematurely at defendant hospital with a gestational age of 25 weeks and birth weight of one pound, nine ounces. He had low Apgar scores and his respiratory rate was irregular. Koran was intubated and transferred to the neonatal intensive care unit. Despite treatment and monitoring, he exhibited complications during the early morning of November 6, 2008, and was pronounced dead on the evening of November 7th due to necrotizing enterocolitis (NEC).

The detailed, nonconclusory, factually supported affirmation of defendant's expert established prima facie that the hospital did not depart from good and accepted practice in treating Koran before his death (see Foster-Sturrup v Long, 95 AD3d 726, 728 [1st Dept 2012]; Callistro v Bebbington, 94 AD3d 408 [1st Dept 2012], affd 20 NY3d 945 [2012]).

In opposition, plaintiff raised a triable issue of fact as to whether the hospital departed from good and accepted practice in failing to timely recognize Koran's hyperglycemia and treat him, including performing a sepsis workup, on November 3, 2008. Contrary to defendant's contention, the opinion of plaintiff's expert was not conclusory, but was based on Koran's medical records, which showed a spike in his blood glucose level on November 3, 2008 and high glucose levels on subsequent days (see McManus v Lipton, 107 AD3d 463, 464 [1st Dept 2013]; Ashton v D.O.C.S. Continuum Med. Group, 68 AD3d 613 [1st Dept 2009]). Further, the expert's opinion that hyperglycemia was a sign of sepsis, which is a sign of NEC, is supported by the deposition testimony of a resident and attending doctor who treated Koran, and further supports the conclusion that the baby was developing NEC as early as November 3, 2008.

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, DeGrasse, Gische and Clark, JJ.