Perez v 139 Med. Facility, P.C. (2020 NY Slip Op 01126)





Perez v 139 Med. Facility, P.C.


2020 NY Slip Op 01126


Decided on February 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 18, 2020

Acosta, P.J., Kapnick, Moulton, González, JJ.


11050 450552/16

[*1] Tania Ventura Perez, Administrator of the Estate of Ramona Antonia Perez, Plaintiff-Appellant,
v
139 Medical Facility, P.C., et al., Defendants-Respondents, Jee Sook Lee, M.D., et al., Defendants.


Mitchell D. Kessler, New York, for appellant.
Gerspach & Sikoscow, LLP, New York (Alexander Sikoscow of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 5, 2019, which, to the extent appealed from as limited by the briefs, granted the motion of defendants 139 Medical Facility, P.C., Muhammad Haque Jr., M.D. and Muhammad Mishbah-Ul Haque, M.D. (defendants) for summary judgment dismissing certain claims as against them, unanimously modified, on the law, to deny the motion as to the claims related to defendants' failure to perform a chest X ray prior to October 2012, and otherwise affirmed, without costs.
Defendants made a prima facie showing that they did not depart from accepted medical practice by failing to perform diagnostic scans based on decedent's presenting symptoms. In opposition, plaintiff's expert raised an issue of fact (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]).
Plaintiff's expert asserted that defendants' failure to order a diagnostic work-up prior to October 2012, including at minimum a chest X ray, constituted a deviation from the standard of care, in view of decedent's clinical picture, including her apparent non-responsiveness to asthma medication, her status as a smoker, her age, the development of a bad cough that may have subsequently been masked by medication, and the change in the character of her headaches. Plaintiff's expert further opined that, had decedent been given a chest X ray prior to October 2012, the lung cancer would have been discovered before it entered Stage IV, and, thus, she would have had a greater chance of survival. Contrary to defendants' contention, plaintiff's expert affirmation contained adequately detailed assertions that were sufficient to defeat summary judgment, "since they were predicated on specific factual evidence, and were not merely speculation" (McManus v Lipton, 107 AD3d 463, 464 [1st Dept 2013]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 18, 2020
CLERK