■ GLADYS BOSTON et al., Respondents, v CLYDE WEISSBART, M.D., et al., Defendants, and THE JACK D. WEILER HOSPITAL OF

THE ALBERT EINSTEIN COLLEGE OF MEDICINE et al., Appellants.
[879 NYS2d 108]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered December 26, 2007, which, to the extent appealed from, granted plaintiffs' motion for reargument and vacated the court's prior order, entered July 18, 2007, and denied defendants-appellants' motion, unanimously modified, on the law, and motion granted with respect to defendant Harold Kim, M.D., and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant Harold Kim, M.D. dismissing the complaint as against him.

The court properly granted plaintiffs' motion for reargument (*see Sheridan v Very, Ltd.*, 56 AD3d 305, 306 [2008], citing *Sciascia v Nevins*, 130 AD2d 649, 650 [1987]). Plaintiffs' expert's affirmation was not merely conclusory, relying as it did on the medical records to draw conclusions (*compare Margolese v Uribe*, 238 AD2d 164 [1997]). Upon reargument, the court properly found a triable issue of material fact regarding whether plaintiff's breathing was severely compromised, necessitating an emergency tracheotomy, or, as plaintiffs' expert affirmed, no emergency existed and defendants should have made a second attempt at intubation, performed by a qualified anesthesiologist under a sedative instead of local anesthesia, to explore plaintiff's complaints. Moreover, issues of fact exist as to whether the emergency tracheotomy was properly performed when the endotracheal tube was placed through the vocal cords. Plaintiffs' expert affirmed that a tracheotomy should not involve the vocal cords, and, if there were an emergency, defendants should have made "an incision . . . in the trachea or a cycoidthyroidotomy should [have been] performed which would involve an incision avoiding the vocal cords." The conflicting opinions of the parties' experts raise issues of fact (*see Cruz v St. Barnabas Hosp.*, 50 AD3d 382 [2008]).

There are no issues of fact as to whether defendant Dr. Kim may be held liable. "A resident who assists a doctor during a medical procedure, and who does not exercise any independent medical judgment, cannot be held liable for malpractice so long as the doctor's directions did not so greatly deviate from normal practice that the resident should be held liable for failing to intervene" (*Soto v Andaz*, 8 AD3d 470, 471 [2004]; *Buchheim v Sanghavi*, 299 AD2d 229 [2002], *lv denied* 100 NY2d 506

[2003]). Concur—Mazzarelli, J.P., Saxe, Nardelli and Freedman, JJ.