■ SYLVIA WILLIAMS-SIMMONS et al., Respondents, v OWEN GOLDEN et al., Defendants, and RALPH LICHTENSTEIN et al., Appellants. [895 NYS2d 404]—

Order, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered on or about August 3, 2009, which denied the motion by defendants Ralph Lichtenstein and University Diagnostic Imaging for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Although not a radiologist, plaintiffs' medical expert, an internist and medical oncologist, was qualified to opine as to the propriety of defendants' care of plaintiff Sylvia Williams-Simmons (*see Matott v Ward*, 48 NY2d 455, 459 [1979]; *Joswick v Lenox Hill Hosp.*, 161 AD2d 352, 354-355 [1990]). While the affirmation of defendants' medical expert showed prima facie that there was no lack of departure from good and accepted standards of medical practice, the affirmation of plaintiffs' medical expert raised triable issues of fact defeating that prima facie showing. Inconsistent with defendants' recommendation that plaintiff obtain a follow-up mammogram six months after a needle biopsy was performed, plaintiffs' expert opined that, given plaintiff's particular condition, defendants should have recommended a work-up beyond the needle biopsy findings, such as further examinations, MRI, or excisional biopsy, and that the work-up should have been performed one to two months following the needle biopsy. As the motion court found, this difference in opinion creates triable issues of fact "whether the tests were properly interpreted and whether the seriousness of plaintiff's condition was adequately communicated to medical providers so that plaintiff could be properly informed."

To the extent the motion court found that defendants "concede[d] at least one departure from good standard medical practice, *i.e.*, movants' failure to advise and ensure that Plaintiff underwent further testing and follow-up after the July 2004 needle biopsy," this finding was erroneous; it apparently was

based upon a misinterpretation of defendants' reply affirmation in support of their motion. Concur—Friedman, J.P., Moskowitz, Renwick, Freedman and Román, JJ.