■ Rocio Rojas, Respondent-Appellant, v Michael Palese, M.D., et al., Appellants-Respondents. [943 NYS2d 22]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about June 18, 2010, which, after a jury verdict in plaintiff's favor, denied defendants' motion to set aside the verdict, and denied plaintiff's cross motion to increase the damages award, unanimously modified, on the facts, to vacate the award for future pain and suffering, and the matter remanded for a new trial solely as to damages for future pain and suffering, unless defendants, within 30 days of service of a copy of this order, with notice of entry, stipulate to increase the award for future pain and suffering to the amount of $350,000, and to the entry of judgment in accordance therewith, and otherwise affirmed, without costs.

The jury's finding that defendant Palese deviated from the standard of care in causing plaintiff's aorta to tear during a laparoscopic donor nephrectomy was based on legally sufficient evidence and was not against the weight of the evidence (see Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]). Defendants' objections to the qualifications of plaintiff's vascular surgery expert go to the weight and not the admissibility of the expert's testimony (Williams v Halpern, 25 AD3d 467, 468 [2006]); the weight to be accorded to conflicting expert testimony is a matter for the jury (see Torricelli v Pisacano, 9 AD3d 291 [2004], lv denied 3 NY3d 612 [2004]).

Plaintiff's expert was properly allowed to testify as to future damages since there was no showing of a willful failure to disclose this testimony or of resulting prejudice to defendants (see CPLR 3101 [d] [1] [i]; Colome v Grand Concourse 2075, 302 AD2d 251 [2003]). The videotape and photographs proffered by defendants were properly excluded; the limited probative value of a demonstration of Palese's performance of the same procedure on another patient was outweighed by the prejudicial effect of showing the jury the complexity of the surgery and the level of skill exhibited by Palese (see Glusaskas v John E. Hutchinson, III, M.D., P.C., 148 AD2d 203, 205-206 [1989]).

The jury instructions on liability, which presupposed an injury, were not confusing since defendants only contested plaintiff's claim as to the cause of the injury, i.e., a departure from the standard of care.

As a result of the injury and surgery, plaintiff was left with a large raised scar across her abdomen. Plaintiff testified that she was embarrassed by the scar, it affected the way she dresses and that she does not like her scar to be seen. Furthermore, plaintiff offered medical testimony that her scar could worsen if she were to become pregnant, and may require surgical repair

in the future. Here, the damages award for future pain and suffering deviated from what is reasonable compensation under the circumstances to the extent indicated. Concur—Sweeny, J.P., Renwick, DeGrasse and Richter, JJ.