■ ROBERTO SANTANA, as Administrator of the Goods, Chattels, and Credits of LOURDES FERNANDEZ, Deceased, Respondent, v EDWIN DE JESUS et al., Appellants. [973 NYS2d 604]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 15, 2012, upon a jury verdict, awarding plaintiff, among other things, $750,000 for the decedent's conscious pain and suffering, including pre-impact terror, unanimously modified, on the facts, to vacate that award and to direct a new trial on that issue, unless plaintiff stipulates, within 30 days of service of a copy of this order with notice of entry, to a reduction of that award from $750,000 to $375,000 and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.

The evidence at trial was legally sufficient to support the jury's verdict finding that defendants were 100% at fault for the death of plaintiff's decedent (see *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Ample evidence supported the finding that defendant Edwin De Jesus, a bus driver for defendant New

York City Transit Authority, breached his duty to exercise due care, or see that which he should have seen through the proper use of his senses (Vehicle and Traffic Law § 1146 [a]; *Sauter v Calabretta*, 90 AD3d 1702, 1703 [4th Dept 2011]; *Bello v New York City Tr. Auth.*, 50 AD3d 511, 512 [1st Dept 2008]).

We reject defendants' contentions that plaintiff's experts were unqualified or that their testimony was speculative (*see Schechter v 3320 Holding LLC*, 64 AD3d 446, 449-450 [1st Dept 2009]; *Seong Sil Kim v New York City Tr. Auth.*, 27 AD3d 332, 334 [1st Dept 2006], *lv denied* 7 NY3d 714 [2006]). At best, these arguments speak to the evidence's weight, not admissibility, and the jury here clearly found their testimony persuasive (*see Matter of Moona C. [Charlotte K.]*, 107 AD3d 466, 467 [1st Dept 2013]; *Rubio v New York City Tr. Auth.*, 99 AD3d 532, 533 [1st Dept 2012]). It was well within the jury's province to accept their opinions and reject that of defendants' expert (*see Rojas v Palese*, 94 AD3d 557, 558 [1st Dept 2012]; *Torricelli v Pisacano*, 9 AD3d 291, 293 [1st Dept 2004], *lv denied* 3 NY3d 612 [2004]).

However, considering the circumstances here, such as the duration of conscious pain and suffering endured by plaintiff's decedent, including pre-impact terror, we find that the award materially deviated from reasonable compensation, and reduce it as indicated (CPLR 5501; *see Segal v City of New York*, 66 AD3d 865 [2d Dept 2009]; *see also Garcia v Queens Surface Corp.*, 271 AD2d 277 [1st Dept 2000]).

We have considered the parties' remaining contentions, and find them unavailing. Concur—Andrias, J.P., Friedman, Acosta, DeGrasse and Freedman, JJ.