■ ANGELA M. SOLANO et al., Respondents, v RONAK MEDICAL CARE, Defendant, and GIRISH PATEL, M.D., Appellant. [981 NYS2d 65]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered April 24, 2013, which, insofar as appealed from as limited by the briefs, denied the motion of defendant Girish Patel, M.D. for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.

In this medical malpractice action, plaintiffs allege that Dr. Patel failed to properly treat the decedent, Julian Solano, leading to a delay in the diagnosis of his laryngeal cancer, which condition ultimately caused his death. Dr. Patel's moving papers, including the expert affirmation of an internist, established his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]).

While an expert medical opinion is generally required to defeat a summary judgment motion in a medical malpractice case (*see e.g. Alvarez* at 324), here, the deposition testimony of the decedent's daughter was sufficient to create a triable issue of fact. Significantly, Ms. Solano testified that, in September and/or November 2003, approximately one year before decedent was diagnosed with cancer, she accompanied him to visits with Dr. Patel, at which she reported that decedent's throat and ear pain were continuing, his voice was deteriorating, he was losing weight, and that he was bleeding at night from his mouth onto his sheets. Such testimony placed decedent's symptoms and complaints squarely within the parameters identified by Dr. Patel's expert as warranting referral to an otolaryngologist.

In light of the foregoing, we need not reach the issue of the admissibility and sufficiency of the opinion of plaintiffs' expert. Were we to do so, we would find that Dr. Patel's objections to the expert's qualifications go to the weight and not the admissibility of her opinion (*see Rojas v Palese*, 94 AD3d 557 [1st Dept 2012]; *Williams-Simmons v Golden*, 71 AD3d 413 [1st Dept 2010]), and that the court properly exercised its discretion by allowing plaintiffs to correct the procedural defect caused by their submission of an affirmation from an out-of-state physician (*see* CPLR 2106; *Berkman Bottger & Rodd, LLP v Moriarty*, 58 AD3d 539 [1st Dept 2009]; *Matos v Schwartz*, 104 AD3d 650, 653 [2d Dept 2013]).

We have considered Dr. Patel's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Andrias, Moskowitz, DeGrasse and Gische, JJ.