■ TERRY EDMUND et al., Appellants, v ALBERT EINSTEIN HOSPITAL et al., Respondents, et al., Defendants. [988 NYS2d 605]—

Judgment, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered April 9, 2012, dismissing the complaint as against defendants Montefiore Medical Center sued herein as Albert Einstein Hospital, Montefiore Medical Group and Montefiore Medical Center (collectively Montefiore), pursuant to an order, same court and Justice, entered on or about March 16, 2012, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs. Judgment, same court and Justice, entered on or about April 13, 2012, dismissing the complaint as against defendants

the City of New York, New York City Health and Hospitals Corporation and New York City Health and Hospitals Corporation sued herein as Jacobi Hospital (collectively Jacobi), pursuant to the order entered on or about March 16, 2012, unanimously reversed, on the law, without costs, the judgment vacated, Jacobi's motion for summary judgment denied, and the complaint reinstated as against the Jacobi defendants. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeals from the judgments.

In this medical malpractice action, plaintiffs allege that Montefiore departed from the accepted standards of care in failing to timely and properly treat and diagnose compartment syndrome and that Jacobi caused and/or failed to properly treat an infection, ultimately resulting in the above-the-knee amputation of plaintiff Terry Edmund's right leg.

Montefiore made a prima facie showing of its entitlement to judgment as a matter of law by submitting an affirmation of a general and plastic surgery expert, the testimony of the plastic surgeon who performed plaintiff's first debridement surgery, and plaintiff's medical records (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). The submissions showed that while plaintiff was initially given a working or differential diagnosis of compartment syndrome, it was disproved by observations during surgery, the lack of compartment pressures of at least 30 mmHg, the existence of a normal CPK (creatine phosphokinase) level, which one treating doctor described as "very significant" in ruling out compartment syndrome, and MRI results that showed "[n]o evidence for muscle involvement to suggest . . . compartment syndrome."

Plaintiffs' challenge regarding the qualifications of Montefiore's expert is unpreserved and, in any event, unavailing, as the objections go to the weight, and not the admissibility, of the expert's opinion (*see Rojas v Palese*, 94 AD3d 557, 558 [1st Dept 2012]; *Williams-Simmons v Golden*, 71 AD3d 413, 413 [1st Dept 2010]).

In opposition, plaintiffs failed to raise a triable issue of fact as to Montefiore's negligence. Plaintiffs' orthopedic expert's opinions concerning Montefiore's alleged deviations from the standard of care failed to address, let alone rebut, the various contraindications for the existence of compartment syndrome that were noted by Montefiore and its expert (*see Limmer v Rosenfeld*, 92 AD3d 609, 609-610 [1st Dept 2012]; *Abalola v Flower Hosp.*, 44 AD3d 522, 522 [1st Dept 2007]).

Plaintiff's focus on the perceived inadequacies of Montefiore's alternative theory of causation (namely, a self-inflicted chemical

burn) is misplaced. As the claims against Montefiore rely upon the assumption that plaintiff suffered from compartment syndrome, Montefiore needed only to disprove this theory and not to establish its own. Further, the court properly rejected the parts of plaintiff's affidavit that contradicted her deposition testimony, taken years earlier (*see Smith v Costco Wholesale Corp.*, 50 AD3d 499, 501 [1st Dept 2008]; *Telfeyan v City of New York*, 40 AD3d 372, 373 [1st Dept 2007]). In any event, plaintiff's affidavit and her plastic surgery expert's opinion only challenged Montefiore's burn theory; therefore, they failed to rebut Montefiore's prima facie evidence that plaintiff did not suffer from compartment syndrome.

Jacobi's motion should have been denied as untimely, as it was made more than 120 days after the filing of the note of issue, with no explanation given, let alone good cause shown, for the delay (CPLR 3212 [a]; *see also Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). Concur— Tom, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.