■ ENRICO MEZZONE, Respondent, v EMILIO GOETZ, D.P.M., Defendant, and DEBBIE BAUTISTA, D.P.M., et al., Appellants. [43 NYS3d 331]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered May 4, 2015, which denied the motions of defendants Debbie Bautista, D.P.M., Chidi Ogbonna, D.P.M., St. Barnabas Hospital, Davis Gordon, D.P.M., and Doctors United Clinic, for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to the extent of dismissing all claims as against Chidi Ogbonna, D.P.M., and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Defendants Debbie Bautista, D.P.M., Davis Gordon, D.P.M., and Doctors United Clinic failed to make a prima facie showing of entitlement to summary judgment. In reaching the conclusion that no infection was present at the time defendants treated plaintiff, their respective experts relied in part upon notations in plaintiff's record with St. Barnabas stating that on June 22, 2010, the surgical wound site was clean and free from drainage. However, plaintiff testified that his left foot wound did have pus emanating from the wound site, plaintiff's expert opined that Dr. Ogbonna had switched his notes for the left and right foot, and the expert for St. Barnabas conceded that the notation was likely an error. Since defendants' experts relied upon incorrect records, their opinions are insufficient to set forth entitlement to judgment as a matter of law (see *Fleming v Pedinol Pharmacal, Inc.*, 70 AD3d 422 [1st Dept 2010]).

In any event, plaintiff's expert raised questions of fact barring summary resolution of plaintiff's claims against those defendants (see *Cregan v Sachs*, 65 AD3d 101, 108-109 [1st Dept 2009]). Defendants' argument that plaintiff's expert, an infectious disease specialist but not a podiatrist, was incompetent to offer an opinion on the care of plaintiff, who suffered an infection stemming from podiatric surgery, is unpersuasive (see *Rojas v Palese*, 94 AD3d 557 [1st Dept 2012]; *Williams-Simmons v Golden*, 71 AD3d 413 [1st Dept 2010]).

Summary judgment should have been granted to defendant Dr. Ogbonna, a resident whose care of plaintiff was at all times under the supervision of attending physicians (see *Boston v Weissbart*, 62 AD3d 517 [1st Dept 2009]). Dismissal of the case as against Dr. Ogbonna, however, does not necessitate dismissal as to St. Barnabas. Evidence exists that plaintiff was referred to the podiatry clinic generally, and not to any specific doctor, and thus questions of ostensible agency with regard to Dr. Bautista and Dr. Emilio Goetz bar dismissal of the claims against St. Barnabas (see *Welch v Scheinfeld*, 21 AD3d 802, 808-809 [1st Dept 2005]; *see also Sarivola v Brookdale Hosp. &*

*Med. Ctr.*, 204 AD2d 245 [1st Dept 1994], *lv denied* 85 NY2d 805 [1995]). Concur—Sweeny, J.P., Renwick, Richter, Manzanet-Daniels and Kapnick, JJ.