Carey v St. Barnabas Hosp. (2018 NY Slip Op 04077)





Carey v St. Barnabas Hosp.


2018 NY Slip Op 04077


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Kapnick, Singh, JJ.


6786 300917/11

[*1]Linda Carey, as the Administrator of the Estate of Viola Carey, deceased, Plaintiff-Respondent,
v
St. Barnabas Hospital, Defendant-Appellant, Split Rock Rehabilitation and Health Care Center, LLC, Defendant.


Garbarini & Scher, P.C., New York (William D. Buckley of counsel), for appellant.
Buzin & Berman, P.C., New York (Heath T. Buzin of counsel), for respondent.



Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 3, 2016, which denied the motion of defendant St. Barnabas Hospital for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant hospital failed to make a prima facie showing of entitlement to summary judgment. In reaching the conclusion that the hospital staff took appropriate measures to prevent pressure sores, defendant's expert asserted that decedent's right heel ulcer was first observed on March 17, 2009, after which the hospital took appropriate measures. However, hospital records show that a nurse first observed the ulceration on March 4, 2009, but that no action was taken until March 17th (see Mezzone v Goetz, 145 AD3d 573 [1st Dept 2016], lv dismissed 29 NY3d 1074 [2017]).
In any event, plaintiff's expert raised questions of fact barring summary resolution of plaintiff's claims against defendant hospital (see Cregan v Sachs, 65 AD3d 101, 108-109 [1st Dept 2009]). Decedent's records do not confirm that protocols were followed with regard to repositioning to prevent ulcers, and nothing in the record indicates that decedent presented with ulcers until nearly two weeks after her admission (compare Craig v St. Barnabas Nursing Home, 129 AD3d 643 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK