Pira v Carasca (2019 NY Slip Op 08523)





Pira v Carasca


2019 NY Slip Op 08523


Decided on November 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10218 800224/11

[*1] Carmen Pira, etc., Plaintiff-Appellant,
v
Andrei Carasca, M.D., et al., Defendants-Respondents, North Shore Long Island Jewish Health System, Inc., Defendant.


Kelner & Kelner, New York (Gerard K. Ryan, Jr. of counsel), for appellant.
Bartlett LLP, Garden City (Robert G. Vizza of counsel), for Andrei Carasca, M.D. and Carasca Neurology, LLC, respondents.
Dopf, P.C., New York (Martin B. Adams of counsel), for Colette M. Spaccavento, M.D. and Colette M. Spaccavento, M.D., P.C., respondents.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for Lenox Hill Hospital, respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered November 15, 2017, which granted defendants' motions for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny defendants Andrei Carasca, M.D.'s, Lenox Hill Hospital's, and Carasca Neurology, LLC's motions, and otherwise affirmed, without costs.
In opposition to defendants' prima facie showing, plaintiff submitted the nonconclusory opinion of a qualified expert that the decedent's injuries resulted from Dr. Carasca's performing a lumbar puncture without discontinuing the decedent's Heparin or administering a platelet transfusion, as had been defendants' plan. Thus, an issue of fact was raised precluding summary judgment in favor of Dr. Carasca, Carasca Neurology, LLC, and Lenox Hill Hospital (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Defendants' argument that the expert's averments as to causation were vague and conclusory is unavailing; the expert's opinion was based on the decedent's MRI and CT scans. Moreover, while defendants argue that there is no medical basis for plaintiff's expert's opinion that a leak in the dura caused intradural hemorrhaging and infarct above the level where the puncture was performed, they submitted no further expert affidavits supporting that argument; indeed, in reply, defendants' experts were nearly silent about plaintiff's theory of causation.
Defendants' argument that plaintiff's expert, a neurologist, was unqualified to opine on the circumstances of the procedure performed by Dr. Carasca is unavailing. Their claim of a lack of experience on plaintiff's expert's part is relevant to the weight, not the admissibility, of the expert's opinion (see Rojas v Palese, 94 AD3d 557 [1st Dept 2012]). Nor did plaintiff assert a new theory in opposition to defendants' motions. The bill of particulars alleges that defendants were negligent in performing the lumbar puncture and in improperly administering anticoagulants (see DB v Montefiore Med. Ctr., 162 AD3d 478 [1st Dept 2018]).
Plaintiff failed to raise an issue of fact whether defendant Collette M. Spaccavento, M.D., an oncologist, departed from good and accepted medical care. The record demonstrates that Dr. Spaccavento had no role in the timing and performance of the lumbar puncture. The record also [*2]demonstrates that Dr. Spaccavento took appropriate measures by directing radiological studies scheduled "STAT" immediately upon observing the decedent's symptoms, and plaintiff fails to identify what other actions Dr. Spaccavento could have taken in light of defendant Lenox Hill Hospital's expert affidavit acknowledging that the hospital staff "was obligated to...follow and carry out orders and directives regarding [the patient's] care and treatment in a medically accepted fashion."
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 26, 2019
DEPUTY CLERK