Allman v Roswell Park Cancer Inst. Corp. (2025 NY Slip Op 03461)

Allman v Roswell Park Cancer Inst. Corp.

2025 NY Slip Op 03461

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., OGDEN, GREENWOOD, DELCONTE, AND HANNAH, JJ.

391 CA 24-00292

[*1]MARY PATRICIA ALLMAN, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF MICHAEL X. ALLMAN, DECEASED, CLAIMANT-RESPONDENT-APPELLANT,
v
ROSWELL PARK CANCER INSTITUTE CORPORATION, DEFENDANT-APPELLANT-RESPONDENT. (CLAIM NO. 136387.) 

CONNORS LLP, BUFFALO (JOHN T. LOSS OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
 

 Appeal and cross-appeal from an order of the Court of Claims (J. David Sampson, J.), entered February 2, 2024. The order granted in part and denied in part the motion of defendant for summary judgment dismissing the claim. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and reinstating the claim in its entirety, and as modified the order is affirmed without costs.
Memorandum: Claimant Mary Patricia Allman, individually and as executor of the estate of Michael X. Allman (decedent), commenced this medical malpractice and wrongful death action alleging that decedent's treating physician, employed by defendant Roswell Park Cancer Institute Corporation, failed to timely detect decedent's lung cancer. Defendant appeals from that part of an order denying in part its motion for summary judgment dismissing the claim. Claimant cross-appeals from that part of the order granting in part defendant's motion for summary judgment dismissing the claim. We modify the order by denying the motion in its entirety and reinstating the claim in its entirety.
"[A] defendant moving for summary judgment in a medical malpractice action has the [initial] burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019] [internal quotation marks omitted]; see Campbell v Bell-Thomson, 189 AD3d 2149, 2150 [4th Dept 2020]). " '[T]he burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact only after the defendant . . . meets the initial burden . . . , and only as to the elements on which the defendant met the prima facie burden' " (Bubar, 177 AD3d at 1359).
Here, contrary to claimant's contention on her cross-appeal, we conclude that defendant met its initial burden on the motion through the submission of decedent's treating physician's expert affidavit, which was "detailed, specific and factual in nature" and addressed each negligence claim raised in claimant's bill of particulars (Stradtman v Cavaretta, 179 AD3d 1468, 1469 [4th Dept 2020]). Inasmuch as defendant met its prima facie burden on its motion with respect to deviation from the accepted standard of care and proximate causation, the burden shifted to claimant "to raise triable issues of fact by submitting an expert's affidavit both attesting to a departure from the accepted standard of care and that defendant['s] departure from that standard of care was a proximate cause of the [alleged] injur[ies]" (Ziemendorf v Chi, 207 AD3d 1157, 1157-1158 [4th Dept 2022]; see Bubar, 177 AD3d at 1359).
We further conclude that, in opposition to defendant's motion, claimant raised a triable issue of fact with respect to both deviation and proximate causation. We note that claimant's "expert affirmation is sufficient to raise an issue of fact, inasmuch as . . . it does not misstate[ ] the facts in the record and it is not vague, conclusory, [or] speculative" (Fargnoli v Warfel, 186 AD3d 1004, 1005 [4th Dept 2020] [internal quotation marks omitted]; cf. Bubar, 177 AD3d at 1362). Contrary to defendant's contention on its appeal, claimant's expert, a board-certified general medical oncologist, laid a sufficient foundation to opine as to the standards of care applicable to both diagnostic pulmonary biopsies and the frequency of nodule surveillance (see Goldschmidt v Cortland Regional Med. Ctr., Inc., 190 AD3d 1212, 1215 [3d Dept 2021]; Williams-Simmons v Golden, 71 AD3d 413, 413 [1st Dept 2010]). Contrary to defendant's further contention on its appeal, the affidavit of claimant's expert raised triable issues of fact with respect to causation inasmuch as it "squarely oppose[d]" the treating physician's expert affidavit with respect to the significance of the target nodule, resulting in "a classic battle of the experts that is properly left to a jury for resolution" (Nowelle B. v Hamilton Med., Inc., 177 AD3d 1256, 1258 [4th Dept 2019] [internal quotation marks omitted]; see Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court