■ NORMA McCOWN BULLARD, Appellant, v ST. BARNABAS HOSPITAL et al., Respondents. [810 NYS2d 78]—

Judgment, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about July 12, 2005, which, to the extent appealed from as limited by the briefs, dismissed the complaint against defendants Ibrahimbacha, Piccorelli, Weintraub, Bengualid, Cooper, St. Barnabas Hospital and St. Barnabas Nursing Home, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered January 14 and April 29, 2005, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The expert submissions for the physician defendants demonstrated, prima facie, that decedent was predisposed to decubitus in his heels as a result of numerous medical conditions, such as severe vascular and "arterial occlusive" disease, leaving him with no pulse in his lower extremities. The record reveals that decedent's heel decubiti were treated but did not heal due to the lack of blood to his lower extremities and his extremely debilitated condition. In opposition to defendant's prima facie showing of entitlement to summary judgment, plaintiff's expert offered only conclusory assertions and speculation that an earlier diagnosis and treatment of the heel decubitus would have avoided the eventual bilateral amputation (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]; *DeFilippo v New York Downtown Hosp.*, 10 AD3d 521, 523 [2004]).

The court properly exercised its discretion in granting the institutional defendants leave to file a late motion for summary judgment, for good cause shown (CPLR 3212 [a]; *cf. Brill v City of New York*, 2 NY3d 648, 652 [2004]). Their motion, based on issue preclusion and law of the case, could not have been brought on these grounds until after the January 14, 2005 order dismissing the action against the physicians (*see Trump Vil.*

*Section 3 v New York State Hous. Fin. Agency*, 307 AD2d 891, 894 [2003], *lv denied* 1 NY3d 504 [2003]). We decline to reach plaintiff's alternative arguments for denying summary judgment to these defendants, raised for the first time on appeal (*see. Lindgren v New York City Hous. Auth.*, 269 AD2d 299, 303 [2000]). Concur—Buckley, P.J., Andrias, Saxe, Friedman and Williams, JJ.