— In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Dollard, J.), dated February 15, 2007, which granted the respective motions of the defendant Melvin C. Hochman, and the defendant New York Hospital Medical Center of Queens for summary judgment dismissing the complaint insofar as asserted against them.
*428 Ordered that the order is affirmed, with one bill of costs.
The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of the injury (see Roca v Perel, 51 AD3d 757 [2008]; DiMitri v Monsouri, 302 AD2d 420, 421 [2003]). Both the defendant Melvin Hochman and the defendant New York Hospital Medical Center of Queens (hereinafter NYHQ) demonstrated their prima facie entitlement to judgment as a matter of law by the submission of extensive medical records and expert affidavits which established, to a reasonable degree of medical certainty, that neither Hochman nor NYHQ departed from the accepted standard of care and that, in any event, any alleged acts or omissions were not the proximate cause of the decedent’s injuries (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The plaintiffs’ submissions in opposition were insufficient to raise a triable issue of fact (see Zak v Brookhaven Mem. Hosp. Med. Ctr., 54 AD3d 852 [2008]; Glazer v Choong-Hee Lee, 51 AD3d 970 [2008], lv dismissed in part and denied in part 11 NY3d 781 [2008]; Worthy v Good Samaritan Hosp. Med. Ctr., 50 AD3d 1023, 1024 [2008]; Bullard v St. Barnabas Hosp., 27 AD3d 206 [2006]; Elliot v Long Is. Home, Ltd., 12 AD3d 481, 482 [2004]). Accordingly, the Supreme Court properly granted the respective motions of Hochman and NYHQ for summary judgment dismissing the complaint insofar as asserted against them.
The plaintiffs’ remaining contention is without merit. Skelos, J.E, Fisher, Dickerson and Belen, JJ., concur. [See 2007 NY Slip Op 30648(11).]