Judgment, Supreme Court, Bronx County (Howard H. Sherman, J.), entered December 30, 2011, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about December 14, 2011, which, after a jury verdict in plaintiffs favor, granted the motion of defendants Dr. Elena Vezza Physician, P.C. and Elena Lorraine Vezza (Dr. Vezza) for judgment notwithstanding the verdict, unanimously affirmed, without costs. Appeal from the above order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiffs decedent, Doris Beverly Burton, while a patient of defendant Dr. Vezza, underwent an echocardiogram in February 2007, following complaints of dizzy spells, confusion, and visual changes. The echocardiogram was normal, but for the presence of a brightly refractive narrow linear density traversing the region of the right atrium-right ventricle. The reading cardiologist observed that the anomaly “requir[ed] further investigation and clinical correlation; chest CT and/or chest x-ray may be indicated.” Dr. Vezza concluded, based upon the location and description of the anomaly, that it was an artifact having to do with the manner in which the test was performed, not the plaintiffs physiology, and not requiring further diagnostic testing. In 2009, plaintiff was diagnosed with Stage IV lung cancer.
Liability is not supported by an expert offering only conclusory assertions and mere speculation that the condition could have been discovered and successfully treated had the doctors not deviated from the accepted standard of medical practice (see Rodriguez v Montefiore Med. Ctr., 28 AD3d 357 [1st Dept 2006]; Bullard v St. Barnabas Hosp., 27 AD3d 206 [1st Dept 2006]). Moreover, failing to investigate an otherwise unindicated disease is not malpractice (see Rivera v Greenstein, 79 AD3d 564 [1st Dept 2010]).
Plaintiff did not submit legally sufficient evidence in support of her claim of malpractice. Defendant’s expert, a physician board certified in internal medicine, cardiology, cardiac imagining, and nuclear cardiology, testified that the “brightly retractile” line on the echo was an artifact, and since a line of that type did not correspond to any known chest pathology, *414 there was no need to investigate it via X ray or CT scan. He further testified that the finding was unrelated to plaintiffs lungs in general, or the primary presumed site of her cancer, which was not even visible within the scan. Plaintiff offered no evidence to rebut this testimony and her expert conceded that he could not say within a reasonable degree of medical certainty that the anomaly had anything to do with plaintiffs subsequent cancer. Instead, the expert essentially opined that Dr. Vezza was guilty of failing to discover the cancer by accident. On cross-examination, plaintiffs expert ultimately conceded that, if the anomaly was, in fact, an artifact, then a failure to perform additional diagnostic testing would be “fine.”
And while plaintiffs expert testified that plaintiffs cancer would have been a one centimeter localized Stage I lesion at the time of the echocardiogram, detectable by CT scan, he testified only that he based his opinion on his experience as an oncologist as to how cancers progress, with insufficient further details. And since the pathologist did not note the cell’s specific biology in the biopsy report, plaintiffs expert could not point to any evidence concerning how aggressive plaintiffs particular cancer was. Thus, his opinion concerning when the cancer developed, and what size it would have been in 2007, was pure speculation, insufficient to support the jury’s finding of causation (see Rodriguez, 28 AD3d at 357).
Plaintiffs remaining contentions are either unavailing or rendered moot by this decision. Concur—Tom, J.P., Friedman, Sweeny and Feinman, JJ.