Plaintiffs claim that their 14-year-old daughter’s tragic death resulted from a fungal infection acquired at defendant hospital *406 and that the hospital is liable for negligently failing to correct, maintain or clean an unsafe or unclean or otherwise dangerous condition, which in turn caused her demise. Defendants deny both the presence of an unclean or unsafe condition and that any such condition caused Erin Cummo’s death and seek dismissal of the claims.
Based on our review of the record, which supports the trial court’s findings, we find that there was no basis for Dr. Grant to conclude that Erin was improperly exposed to Penicillium mold, particularly in the period prior to her death and after the transplant procedures commenced.
While a qualified expert’s opinion may be sufficient to defeat a motion for summary judgment, where the expert’s opinion lacks an adequate foundation in the record, or is purely conclusory, summary judgment is appropriate (Romano v Stanley, 90 NY2d 444, 451-452 [1997]; Bustos v Lenox Hill Hosp., 105 AD3d 541 [2013]; Curry v Dr. Elena Vezza Physician, PC., 106 AD3d 413 [1st Dept 2013]). Dr. Grant’s conclusions as to both the inadequacy of defendant’s safety measures and the cause of plaintiff’s decedent’s death lacked any foundation in the record, and warranted dismissal of plaintiffs claims.
Finally, we note the motion court properly denied plaintiffs’ cross motion for summary judgment on the issue of liability based on the theory of res ipsa loquitur. None of the evidence, circumstantial or other, established exclusive control sufficient to draw an inference of negligence (Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]). Thus, we find, as stated in the well reasoned decision of the motion court, that plaintiffs have failed to establish any basis for liability.
We have considered the parties’ remaining arguments, and find them unavailing. Concur — Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Gische, JJ.