■ Michaela Martens et al., Respondents, v St. Luke's-Roosevelt Hospital Center et al., Defendants, and Sophia Wu, M.D., Appellant. [9 NYS3d 52]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered June 2, 2014, which denied defendant Sophia Wu, M.D.'s motion for partial summary judgment dismissing a portion of plaintiffs' medical malpractice claim on statute of limitations grounds, unanimously affirmed, without costs.

In this action, plaintiffs allege that, during doctor's appointments spanning June 16, 2002 to September 21, 2009, defendant misdiagnosed a cancerous tumor as fibroids. In opposition to defendant's prima facie showing that plaintiffs' malpractice claim is time-barred to the extent it is based on treatment rendered prior to December 4, 2007, plaintiffs raised a triable issue of fact as to whether the statute of limitations is tolled by the continuous treatment doctrine (CPLR 214-a; *Massie v Crawford*, 78 NY2d 516, 519 [1991]). Defendant and plaintiff Michaela Martens agreed in June 2002 to monitor plaintiff's fibroids in lieu of removing them, so as not to disrupt plaintiff's fertility. Further, defendant directed plaintiff to return for follow-up visits generally within a year, or sooner if she had fibroid-related symptoms. Defendant inquired about plaintiff's fibroids at each visit, ordered ultrasounds specifically for the fibroids, and monitored them through physical exams and in ultrasounds. When plaintiff ultimately sought surgery to remove the fibroids, she returned and consulted with defendant. Given the foregoing, there is at least a triable issue of fact whether defendant's monitoring of plaintiff amounted to continuous treatment (*Oksman v City of New York*, 271 AD2d 213, 215 [1st Dept 2000]; *Cherise v Braff*, 50 AD3d 724, 726 [2d Dept 2008]).

Although plaintiff did not consistently return for follow-ups each year, the gaps in treatment alone do not require dismissal of plaintiff's claim (*see Richardson v Orentreich*, 64 NY2d 896, 898-899 [1985]), especially since there is evidence that the gaps were due to plaintiff's demanding work and travel schedule. Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ.