(November 22, 2016)

■ NEIL FLAHERTY, Appellant, v PAUL KANTROWICH, O.D., et al., Respondents. [41 NYS3d 502]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered on or about September 25, 2015, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In 2005, plaintiff presented to the offices of defendant Paul Kantrowich, an optometrist, who noted that plaintiff's vision in his right eye was "20/400," or legally blind in that eye. Thereafter, from 2005 to February 10, 2012, plaintiff presented to Dr. Kantrowich approximately once a year for an examination and a prescription for contact lenses. On each occasion, Dr. Kantrowich noted the continued existence of nerve pallor and optic neuropathy. On February 16, 2012, plaintiff saw a neuro-ophthalmologist, who diagnosed him with a meningioma which, he stated, had caused right eye blindness. Plaintiff

contends that Dr. Kantrowich's failure to diagnose the condition sooner, or to refer him to an ophthalmologist or a neuro-ophthalmologist, constituted malpractice.

Supreme Court properly dismissed plaintiff's action on the ground that his claims based on all visits prior to February 10, 2012 were barred by the applicable three-year statute of limitations (CPLR 214 [6]; *see Boothe v Weiss*, 107 AD2d 730, 731 [2d Dept 1985]). The continuous treatment doctrine does not operate to toll the statute of limitations because Dr. Kantrowich was not engaged in treatment of plaintiff's optic neuropathy, but performed only "[r]outine . . . or diagnostic examinations," which, even when conducted repeatedly over a period of time, are not "a course of treatment" (*Massie v Crawford*, 78 NY2d 516, 520 [1991]). The measurement of plaintiff's nerve pallor annually did not itself amount to continuous treatment (*see McDermott v Torre*, 56 NY2d 399, 405-407 [1982]), or reflect any agreement to monitor the condition, but was part of the routine examination (*see Massie* at 520; *Cassara v Larchmont-Mamaroneck Eye Care Group*, 194 AD2d 708 [2d Dept 1993]; *cf. Martens v St. Luke's-Roosevelt Hosp. Ctr.*, 128 AD3d 487 [1st Dept 2015]).

With respect to the sole date within the statute of limitations, February 10, 2012, there is no contention that the failure to diagnose or refer plaintiff on that date proximately caused any further loss of vision or prevented a better outcome (*see e.g. Bullard v St. Barnabas Hosp.*, 27 AD3d 206 [1st Dept 2006]). Concur—Mazzarelli, J.P., Sweeny, Acosta, Moskowitz and Gesmer, JJ.