Estrella v Montefiore Med. Ctr. (2021 NY Slip Op 00491)





Estrella v Montefiore Med. Ctr.


2021 NY Slip Op 00491


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Index No. 22286/15E Appeal No. 12987 Case No. 2020-02506 

[*1]Jennifer Estrella, Plaintiff-Appellant,
v
Montefiore Medical Center, Defendant-Respondent, Ared Garan, M.D., et al. Defendants.


The Law Office of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph of counsel), for appellant.
Widowski Law Group LLP, New York (Esther S. Widowski of counsel), for respondent.



Order, Supreme Court, Bronx County (George J. Silver), entered March 18, 2020, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Montefiore Medical Center (Montefiore) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Supreme Court properly dismissed plaintiff's action against Montefiore on the ground that her claims based on her October 4, 2012 emergency room visit, during which a lesion on her liver was detected during a CT scan, are barred by the 2 ½-year statute of limitations (see CPLR 214-a; Wilson v Southampton Urgent Med. Care, P.C., 112 AD3d 499, 499 [1st Dept 2013]). The continuous treatment doctrine did not operate to toll the statute of limitations because plaintiff's return to the emergency room on February 24, 2015, at which time she was diagnosed with hepatocellular carcinoma, did not constitute a "course of treatment" (Massie v Crawford, 78 NY2d 516, 519 [1991]; see Lewis v Treitel, 157 AD3d 452 [1st Dept 2018]). Plaintiff never returned to Montefiore between these two emergency room visits in 2012 and 2015 to seek further treatment for her abdominal pain, nor did she provide evidence of an "ongoing relationship of trust and confidence" with Montefiore (Devadas v Niksarli, 120 AD3d 1000, 1006 [1st Dept 2014] [internal quotation marks omitted]). Accordingly, her return to Montefiore in 2015 "constituted a resumption of treatment rather than a continuation thereof," insufficient to toll the statute of limitations (see Fox v Glens Falls Hosp., 129 AD2d 955, 957 [3d Dept 1987] [internal quotation marks omitted]).
Plaintiff's remaining argument is moot given that on appeal she does not challenge the dismissal of her claims against defendant Ared Garan, M.D., as time-barred. In any event, there is no evidence in the record to establish the requisite nexus between Dr. Garan and Montefiore to impute his treatment of plaintiff for the purpose of extending the statute of limitations against Montefiore (see Meath v Mishrick, 68 NY2d 992, 994 [1986]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021