Viniello v New York City Health & Hosps. Corp. (2021 NY Slip Op 01957)





Viniello v New York City Health & Hosps. Corp.


2021 NY Slip Op 01957


Decided on March 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2021

Before: Gische, J.P., Singh, Scarpulla, Mendez, JJ. 


Index No. 805054/17 Appeal No. 13455 Case No. 2019-04322 

[*1]Tom Viniello, Plaintiff-Respondent,
v
New York City Health and Hospitals Corporation, Defendant-Appellant.


James E. Johnson, Corporation Counsel, New York (Jesse A. Townsend of counsel), for appellant.
Pollack Pollack Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered October 2, 2019, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgement accordingly.
Defendant met its prima facie burden of demonstrating that the complaint was filed after the one-year and 90-day limitations period expired with respect to any conduct occurring before August 2015 — even excluding the time during which the motion for leave to serve a late notice of claim was pending (see Matter of Jordan v City of New York, 38 AD3d 336, 338 n 1 [1st Dept 2007]).
In opposition, plaintiff failed to meet his burden of demonstrating the existence of triable issues of fact with respect to application of the continuous treatment doctrine (see Cox v Kingsboro Med. Group, 88 NY2d 904, 906 [1996]; see also Nykorchuck v Henriques, 78 NY2d 255, 258-59 [1991]). It is clear that plaintiff began a course of treatment at Bellevue Hospital for his rectal bleeding in April 2013, which continued through at least August 2013, when he was scheduled to have a colonoscopy that did not occur. It is equally clear, however, that at some point after August 2013 and before August 2015, the course of treatment ended.
Although the medical records reflect that plaintiff presented to Bellevue several times during this period, it was always for unrelated issues (see Young v New York City Health & Hosps. Corp., 91 NY2d 291, 296-297 [1998]). The colonoscopy was never rescheduled, and no colonoscopy was performed until December 2015, as the result of renewed complaints and a new course of treatment that began in September 2015 (see Zelig v Urken, 28 AD3d 318, 318 [1st Dept 2006], lv denied 7 NY3d 708 [2006]). The fact that plaintiff mentioned his rectal bleeding once in December 2013 at a pre-surgical appointment for an unrelated condition is not sufficient to establish continuous treatment for the rectal bleeding — at least absent evidence of any follow-up on this comment (see Yanez v Watkins, 164 AD3d 547, 549 [2d Dept 2018]).
Plaintiff's testimony that he made several undocumented visits to Bellevue Hospital in 2014 related to his rectal bleeding is insufficient to raise an issue of fact. In addition to being unsupported by the medical records, it is inconsistent with his own prior affidavit, in which he set forth his treatment history but omitted any mention of such visits.
Because the crux of plaintiff's claim (and the focus of his expert's testimony) is
conduct occurring prior to August 2015, a finding that this conduct is not actionable must result in dismissal of the entire action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2021