Vines v New York City Health & Hosps. Corp. (2021 NY Slip Op 04096)





Vines v New York City Health & Hosps. Corp.


2021 NY Slip Op 04096


Decided on June 24, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 24, 2021

Before: Gische, J.P., Webber, Oing, González, JJ. 


Index No. 21721/12 Appeal No. 14121 Case No. 2019-5422 

[*1]Kevin Vines, as Administrator of the Estate of Carleen R. Walker-Vines, Deceased, Plaintiff-Appellant,
v
New York City Health and Hospitals Corp., et al., Defendants, The Bronx-Lebanon Hospital Center et al., Defendants-Respondents.


Debra S. Reiser, New York, for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Nicholas Tam of counsel), for respondents.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered May 21, 2019, which, to the extent appealed from, granted defendants Bronx-Lebanon Hospital Center, Bronx Care IPA, Inc., Trisha Chan, M.D., Anita Narula, M.D., Harvey Stern, M.D., Richa Sharma, M.D., Madanmohan Patel, M.D., and Kathryn Parker, M.D.'s motion for summary judgment dismissing claims for any medical treatment occurring before July 10, 2010 as against them as time-barred, all claims as against defendant Trisha Chan, M.D. as time-barred, and all claims relating to GERD before July 10, 2010 as against defendants as time-barred, unanimously affirmed, without costs.
Plaintiff failed to raise an issue of fact as to whether the statute of limitations on the medical malpractice claims was tolled by the continuous treatment doctrine for the period preceding July 10, 2010. Plaintiff was first diagnosed with Thymoma on July 19, 2011, when chest imaging, including a chest X ray, revealed multiple masses. "Where, as here, a malpractice claim is predicated upon an alleged failure to properly diagnose a condition, the continuous treatment doctrine may apply as long as the symptoms being treated indicate the presence of that condition" (Dookhie v Woo, 180 AD3d 459, 464 [1st Dept 2020] [internal quotation marks omitted]). "Routine" or "diagnostic examinations," even when conducted repeatedly over a period of time, are not "a course of treatment" (Flaherty v Kantrowich, 144 AD3d 542, 543 [1st Dept 2016] [internal quotation marks omitted]).
The symptoms that were treated during the period that plaintiff argues is subject to toll by defendants Bronx Care IPA, Inc., and Trisha Chan, M.D. did not indicate the presence of thymoma, "the [] illness, injury or condition" that gave rise to this action (CPLR 214-a; see McManus v Lipton, 107 AD3d 463 [1st Dept 2013]). The record shows that the decedent's complaints of chest pain were intermittent, her multiple chest x-rays were clear, and her cough was eventually controlled by medication and dietary restrictions. As Dr. Chan did not render any treatment to the decedent after December 17, 2009, all claims were correctly dismissed as against her.
With respect to Bronx-Lebanon Hospital Center, Harvey Stern, M.D., Richa Sharma, M.D., Madanmohan Patel, M.D., and Kathryn Parker, M.D., the medical record shows that the decedent went to the emergency room twice, three years apart, on August 10, 2006 and on August 6, 2009, and that there was no follow-up treatment anticipated (see Estrella v Montefiore Med Ctr., 190 AD3d 638, 638-39 [1st Dept 2021]).
Plaintiff's remaining arguments are academic in light of the foregoing and, in any event, unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2021