Muroff v Heerdt (2022 NY Slip Op 02343)

Muroff v Heerdt

2022 NY Slip Op 02343

Decided on April 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 07, 2022

Before: Manzanet-Daniels, J.P., Gesmer, Oing, Rodriguez, JJ. 

Index No. 805358/17 Appeal No. 15675 Case No. 2021-03745 

[*1]Leah Muroff, as Executrix of the Last Will and Testament of Yehudit Kugelsky, Plaintiff-Respondent,
v
Alexandra Heerdt, M.D., et al., Defendants-Appellants.

Kaufman Borgeest & Ryan LLP, Valhalla (Jacqueline Mandell of counsel), for appellants.
Zucker & Regev, P.C., Brooklyn (Aaron M. Ser of counsel), for respondent.

Order, Supreme Court, New York County (Judith Reeves McMahon, J.), entered on or about July 26, 2021, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants failed to establish prima facie entitlement to summary judgment. Issues of fact exist regarding whether defendants departed from the applicable standard of care by delaying surgical treatment for decedent's breast cancer for nearly six months until October 19, 2015 and failing to remove her cancerous breast tumor on that date, and by delaying treatment for a remaining tumor from November 9, 2015 to February 18, 2016 (see Polanco v Reed, 105 AD3d 438, 442 [1st Dept 2013]; Feldman v Levine, 90 AD3d 477, 478 [1st Dept 2011]). Issues of fact also exist as to whether decedent's cancer was already terminal Stage IV when she first presented to defendants on April 30, 2015 and thus, as to whether defendants' alleged departures could have proximately caused her prognosis to worsen. Plaintiff's experts were not required to specify the precise moment at which the cancer became Stage IV; rather, it is sufficient that they opined, based on facts in the record, that the cancer was Stage IA as of October 15, 2015 and became Stage IV by July 2016, and that they explained the effect this change had on plaintiff's prognosis (compare Curry v Dr. Elena Vezza Physician, P.C., 106 AD3d 413, 414 [1st Dept 2013] [the plaintiff's expert testified only that he based his opinion on his experience as an oncologist as to how cancers progress, with insufficient further details, and without any reference to evidence concerning how aggressive plaintiff's cancer was, thus rendering his opinion pure speculation]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 7, 2022