Pinkney v New York City Health & Hosps. Corp. (2023 NY Slip Op 03421)

Pinkney v New York City Health & Hosps. Corp.

2023 NY Slip Op 03421

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Kern, J.P., Friedman, Mendez, Rodriguez, JJ. 

Index No. 452840/15 Appeal No. 536 Case No. 2022-02550 

[*1]Thelma Pinkney, Plaintiff-Respondent,
v
The New York City Health and Hospitals Corporation, et al., Defendants-Appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Antonella Karlin of counsel), for appellants.
Nelson, Robinson & El Ashmawy, PLLC, New York (Daniel X. Robinson of counsel), for respondent.

Order, Supreme Court, New York County (Erika Edwards, J.), entered March 3, 2022, which, to the extent appealed from, denied the motion of defendant The New York City Health and Hospitals Corporation (HHC) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff was hospitalized for hyponatremia from May 1, 2013, through May 6, 2013, because of chlorthalidone, a thiazide diuretic prescribed for plaintiff's hypertension. Plaintiff's last treatment related to this hospitalization occurred on July 22, 2013, when she received a stress test as indicated in her discharge instructions. Plaintiff filed the complaint on October 31, 2014, more than one year and ninety days after the stress test (McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20, as added by L 1969, ch 1016, § 1, as amended]). Plaintiff's subsequent visits fail to toll the statute of limitations under the continuous treatment doctrine since "[r]outine examination[s] of a seemingly healthy patient, or visits concerning matters unrelated to the condition at issue giving rise to the claim, are insufficient to invoke the benefit of the doctrine (Plummer v New York City Health & Hosps. Corp., 98 NY2d 263, 267 [2002]). Although these visits monitor plaintiff's hypertension, they do not treat, assess, or follow up on plaintiff's hyponatremia for which she was hospitalized (Viniello v New York City Health & Hosps. Corp., 192 AD3d 649, 649-650 [1st Dept 2021]; Flaherty v Kantrowich, 144 AD3d 542, 543 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023