Backer v Parsons
2026 NY Slip Op 03917
June 23, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Paul Backer, Respondent,
v
Bradford Parsons, M.D., Appellant. The Mount Sinai Hospital, Nonparty-Appellant.

Decided and Entered: June 23, 2026
Index No. 100938/23|Appeal No. 6953|Case No. 2025-04337|
Before: Renwick, P.J., González, Rodriguez, O'neill Levy, JJ.

McAloon & Friedman, P.C., New York (Gina Bernardi Di Folco of counsel), for appellants.

[*1]
Order, Supreme Court, New York County (Kathy J. King, J.), entered March 13, 2025, which denied appellants' motion for summary judgment dismissing the complaint as time-barred, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendant met its prima facie burden of demonstrating that this medical malpractice action was barred by the statute of limitations by showing that plaintiff sought no further treatment for his arm injury after he returned for a post-operative evaluation on March 15, 2021, and that he commenced the action on September 25, 2023, more than two years and six months after that date (see CPLR § 214-a; Viniello v New York City Health and Hosps. Corp., 192 AD3d 649, 649 [1st Dept 2021]). Once defendant met its prima facie burden, it was plaintiff's burden to "demonstrat[e] the existence of triable issues of fact with respect to application of the continuous treatment doctrine" (id.; see Yanez v Watkins, 164 AD3d 547, 549 [2d Dept 2018]).
Plaintiff failed to meet his burden. Preliminarily, we note that the record contains no indication that plaintiff submitted papers in opposition to defendant's motion. In any event, the record includes no evidence suggesting that plaintiff sought or obtained any additional treatment for his condition after March 15, 2021. Although the medical chart from the March 15, 2021 appointment contains a note stating that plaintiff was to come back for a follow-up visit in six weeks, the record contains no evidence indicating that plaintiff ever scheduled or attended such an appointment.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2026