■ ADA PRETTO APARICIO, Appellant, v GARY GOLDBERG, Respondent, et al., Defendants. [942 NYS2d 58]—

Judgment, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered November 22, 2010, dismissing the complaint pursuant to an order, same court and Justice, entered November 10, 2010, which granted defendant Dr. Gary Goldberg's motion to set aside the verdict, unanimously affirmed, without costs.

In this medical malpractice action, plaintiff Ada Pretto Aparicio alleges that defendant was negligent in his treatment

of decedent May Aparicio for a form of abdominal cancer, known as pseudomyxoma peritonei. Defendant performed surgery on decedent in November 1997, removing, inter alia, tumors from her abdomen. Over the next several years, defendant monitored decedent's health, ordering tumor marker blood tests and CT scans to detect the return of disease. He testified that, although blood tests performed in June 2000, December 2000 and March 2001 revealed increasing levels of tumor markers, and a June 2001 CT scan showed recurrence of decedent's disease, his treatment plan was to intervene surgically only in the event that decedent became symptomatic, as surgery would only be palliative in nature. Defendant stopped treating decedent in May 2003 and in August 2003, another physician performed surgery in an unsuccessful attempt to remove or "debulk" decedent's tumor. She died approximately six weeks later.

At trial, plaintiff's experts opined that defendant's failure to perform a second surgery after a rise in tumor markers and the results of the June 2001 CT scan constituted a deviation from accepted medical practice. While defendant's experts disagreed with plaintiff's experts, the weight to be accorded to conflicting expert testimony is within the province of the jury (*see Torricelli v Pisacano*, 9 AD2d 291 [2004], *lv denied* 3 NY3d 612 [2004]). The jury clearly credited the testimony of plaintiff's experts on the issue of deviation from the standard of care and its determination on that issue was not one that "could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]).

However, plaintiff failed to establish that defendant's negligence was "a substantial factor in producing the injury" as the "injury [wa]s one which might naturally occur" in the progress of decedent's disease and in the absence of negligence (*Mortensen v Memorial Hosp.*, 105 AD2d 151, 158 [1984]). Plaintiff's experts' speculation and conclusory assertions that decedent would have otherwise had a more favorable prognosis is insufficient to establish causation (*see Mosezhnik v Berenstein*, 33 AD3d 895, 897 [2006]; *Rodriguez v Montefiore Med. Ctr.*, 28 AD3d 357, 357-358 [2006]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Acosta, Freedman and Richter, JJ.