Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered March 9, 2012, which, to the extent appealed from as limited by the briefs, upon reargument, denied defendant nursing home’s motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against the nursing home.
In this medical malpractice and negligence action, defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting, among other things, their expert affirmation and medical records (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). The medical records support defendants’ expert’s opinion that decedent’s chronic skin ulcers, gangrene and above-the-knee amputations, were the unavoidable result of his preexisting, chronic conditions, as well as other risk factors.
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff submitted the conclusory and speculative affirmation of an unnamed expert who failed to identify specific departures made by the nursing home, when other actions should have been taken by the nursing home and by whom, and how the results would have been different had those actions been taken (see Alvarez, 68 NY2d at 327; Abalola v Flower Hosp., 44 AD3d 522 [1st Dept 2007]). These failures are especially troublesome, given plaintiffs expert’s concession that decedent’s preexisting conditions placed him at an increased risk for the conditions at issue. Moreover, the expert failed to address the evidence supporting vascular involvement and failed to establish that the nursing home’s negligence, and not the natural progress of *502 decedent’s diseases and conditions, was a substantial factor in producing the injury (see Aparicio v Goldberg, 94 AD3d 502, 503 [1st Dept 2012]; Mortensen v Memorial Hosp., 105 AD2d 151, 158 [1st Dept 1984]).
Concur—Gonzalez, EJ., Friedman, AbdusSalaam, Román and Clark, JJ.