■ Lev Shekhtman, Appellant, v Alla Savransky, M.D., Respondent, et al., Defendants. [62 NYS3d 351]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered October 26, 2015, dismissing the complaint, and bringing up for review an order, same court and Justice, entered September 18, 2015, which, after a jury verdict against defendant Alla Savransky, M.D. in plaintiff's favor, granted Dr. Savransky's motion for judgment notwithstanding the verdict, unanimously affirmed, without costs.

Plaintiff's decedent, Marina Marmur, while a patient of internist Dr. Savransky, was seen by gastroenterologist Dr. Alexander Shvarts, who conducted a colonoscopy and thereafter an endoscopy of Marmur. Upon observing polyps and other changes, Dr. Shvarts sent Marmur to Dr. Harry Snady, an interventionist radiologist, for a further upper endoscopy with internal ultrasound. All tests and biopsies came back negative for cancer, and Marmur was diagnosed with a hiatal hernia,

reflux esophagitis, Menetrier's disease, and H. pylori gastritis. From May of 2007 through October 2007, Dr. Savransky treated Marmur in accordance with the gastroenterologist's plan, prescribing acid reducers and antibiotics. Marmur's gastrointestinal symptomology initially lessened, but then increased, and Dr. Savransky referred her for further testing in October of 2007, which ultimately led to a diagnosis of stage IV gastric cancer.

"Liability is not supported by an expert offering only conclusory assertions and mere speculation that the condition could have been discovered and successfully treated had the doctors not deviated from the accepted standard of medical practice" (*Curry v Dr. Elena Vezza Physician, P.C.*, 106 AD3d 413 [1st Dept 2013], citing *Rodriguez v Montefiore Med. Ctr.*, 28 AD3d 357 [1st Dept 2006]; *Bullard v St. Barnabas Hosp.*, 27 AD3d 206 [1st Dept 2006]). As such, plaintiff did not submit legally sufficient evidence in support of his claim of malpractice. Plaintiff's experts testified that Marmur should have been referred for "further" testing, but failed to specify what test, at what time, would have revealed her cancer, which was of a type all experts agreed was aggressive and difficult to diagnose. The expert's testimony was conclusory, particularly in the face of the fact that Marmur was already seen by a gastroenterologist, whose testing failed to detect cancer. Moreover, plaintiff's experts failed to specify when Marmur's cancer would have been diagnosable, yet still treatable, making their opinions pure speculation insufficient to support the jury's finding of causation (*see Rodriguez*; *Curry*).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Renwick, J.P., Kapnick, Gesmer and Kern, JJ.