Braunstein v Maimonides Med. Ctr. (2018 NY Slip Op 03814)





Braunstein v Maimonides Med. Ctr.


2018 NY Slip Op 03814


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


6702 308997/09

[*1]David Braunstein, as Administrator of the Estate of Pauline Braunstein, Deceased, Plaintiff-Appellant,
v
Maimonides Medical Center, et al., Defendants-Respondents. Mt. Sinai Medical Center, et al., Defendants.


The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for appellant.
McAloon & Friedman, P.C., New York (Gina Bernardi DiFolco of counsel), for respondents.



Judgment, Supreme Court, Bronx County (Stanley Green, J.), entered January 19, 2017, dismissing the complaint and all cross claims as against defendants Maimonides Medical Center and Victor Sasson, M.D., unanimously affirmed, without costs.
Plaintiff failed to raise an issue of fact in opposition to defendants' undisputed prima facie showing that they did not depart from the accepted standard of medical and nursing care for patients at risk for bed sores. Plaintiff's medical expert was qualified to render an opinion (see Limmer v Rosenfeld, 92 AD3d 609 [1st Dept 2012]). However, in detailing the skin care protocol for the prevention of decubitus ulcers, the expert stated the same standard of care as that stated by defendants' experts, and effectively conceded that defendants' experts were correct that the protocol must be tailored to the individual patient's condition, by quoting federal Department of Health and Human Services guidelines advising that "individuals . . . at risk for developing pressure ulcers should be repositioned at least every two hours if consistent with overall patient goals" (see Negron v St. Barnabas Nursing Home, 105 AD3d 501 [1st Dept 2013]).
Nor was an issue of fact raised by the expert's opinion that defendants caused the decedent's ulcer by not documenting their records in greater detail or her finding that the failure to document was itself the proximate cause of the ulcers. A failure to document each element of the skin care protocol does not equate to a failure to perform each element or to a cause of the ulcer itself (see Topel v Long Is. Jewish Med. Ctr., 55 NY2d 682, 684 [1981]; Rivera v Jothianandan, 100 AD3d 542, 543 [1st Dept 2012], lv denied 21 NY3d 861 [2013]).
We have considered plaintiff's other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK