Bogin v Metz (2020 NY Slip Op 00816)





Bogin v Metz


2020 NY Slip Op 00816


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Kapnick, J.P., Oing, Singh, Moulton, JJ.


10881 805160/16

[*1] Lori Bogin, As Executrix of the Estate of Heath Bogin, deceased, etc., Plaintiff-Appellant-Respondent,
v
Yasmin Metz, M.D., et al., Defendants, Danielle Nicolo, M.D., Defendant-Respondent-Appellant, Weill Cornell Medical Associates, et al., Defendants-Respondents.


Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellant-respondent.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Deirdre E. Tracey of counsel), for respondent-appellant and respondents.



Order, Supreme Court, New York County (Martin Shulman, J.), entered December 5, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's claims against defendant Ruben Niesvizky, M.D., and against Danielle Nicolo, M.D. arising from her treatment of decedent on November 18, 2014, and denied their motion as to the claim against Dr. Nicolo arising out of her telephone consultation with decedent on December 29, 2014, unanimously affirmed, without costs.
Plaintiff alleges that defendant doctors negligently delayed in diagnosing and treating decedent Heath Bogin for Primary Mediastinal Large B Cell Lymphoma (PMBCL). The motion court correctly dismissed claims against Dr. Nicolo, a general practitioner, based on her first examination of decedent for a physical examination on November 18, 2014. Defendants' expert established prima facie that the treatment provided to decedent on that day comported with good and accepted practice (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Coronel v New York City Health & Hosps. Corp., 47 AD3d 456 [1st Dept 2008]). In response, plaintiff failed to present medical evidence sufficient to raise a triable issue of fact, as her expert points to nothing in the record supporting his analysis that plaintiff, who complained only of puffy eyes with nasal congestion, required cancer blood screening and a chest X ray at that time (see Bartolacci-Meir v Sassoon, 149 AD3d 567, 572 [1st Dept 2017]). The court also correctly denied summary judgment to Dr. Nicolo dismissing malpractice claims based on her telephone consultation with decedent on December 29, 2014. On that date, decedent contacted the doctor to advise that he was having extreme difficulties swallowing, and Dr. Nicolo referred him to a gastroenterologist, who he saw the following day. Plaintiff's expert opined that Dr. Nicolo deviated from the applicable standard of care by not also ordering her own testing, specifically, an immediate imaging of the chest, neck and throat and/or a motility study to rule out a non-gastrointestinally related cause of the patient's swallowing difficulty. Plaintiff's expert further states that Dr. Nicolo's differential diagnosis on December 29, 2014 should have included mediastinal mass/tumor and PMBCL. Defendants' expert does not address why such imaging and/or other studies were not warranted at that time in addition to the referral to the gastroenterologist.
Summary judgment was also correctly granted dismissing plaintiff's claims against Dr. Niesvizky, the oncologist who performed plaintiff's biopsy and ordered his first round of [*2]chemotherapy. As explained by both Dr. Niesvizky and his expert oncologist/hematologist, commencement of treatment could not occur until after the final pathology report of the biopsy was issued, and the type of cancer decedent suffered from was determined. While plaintiff's expert opines that immediately after the mass was observed on a chest X ray, it was known with "overwhelming certainty" that the cancer was PMBCL, the record does not support this conclusion. After discovery by X ray, the doctors considered several types of cancer in the differential diagnosis, including two different lymphomas and a germ cell tumor. Moreover, plaintiff's expert did not address defendants' expert's opinion that initiating chemotherapy without confirming the diagnosis could pose a fatal risk to the patient. While the preliminary biopsy stated that the cells were consistent with lymphoproliferative disease, the pathologist added that, upon further review, the results were suggestive of a solid tumor malignancy, and indicated that they would await a final pathology. While the cancer ultimately did turn out to be PMBCL, malpractice cannot rest solely on 20/20 hindsight (see Rodriguez v Montefiore Med. Ctr., 28 AD3d 357 [1st Dept 2006]; Henry v Bronx Lebanon Med. Ctr., 53 AD2d 476, 481 [1st Dept 1976]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK