Cruz v New York City Health & Hosps. Corp. (2020 NY Slip Op 06946)





Cruz v New York City Health & Hosps. Corp.


2020 NY Slip Op 06946


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Renwick, J.P., Kapnick, Gesmer, Kern, JJ. 


Index No. 6225/04 Appeal No. 12478 Case No. 2019-03329 

[*1]Santos Cruz, Plaintiff-Respondent,
v
New York City Health and Hospitals Corporation et al., Defendants-Appellants.


James E. Johnson, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for appellants.
Law Offices of William A. Cerbone, Elmsford (Francis X. Young of counsel), for respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered on or about May 23, 2019, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
In this action, plaintiff alleges that due to defendants' negligence in diagnosing a skull fracture during an emergency room visit on October 27, 2002, he sustained permanent and disabling neurological damage. Defendants' motion for summary judgment should have been [*2]granted. The affirmation of defendants' expert was sufficient to establish prima facie that defendants did not deviate from accepted medical practice by not ordering a CT scan, and plaintiff's expert's affirmation was insufficient to raise an issue of fact (see generally Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]).
Defendants' expert opined that defendants did not depart from good and accepted practice by not ordering a CT head scan based on plaintiff's initial clinical presentation in the emergency room. Defendants' expert opined that plaintiff did not meet any of the criteria of the Canadian CT Head Rule (CCHR) used in the emergency room setting to determine which head injuries warrant CT imaging. Significantly, according to the medical record, on October 27, 2002, plaintiff did not exhibit any neurological deficits, such as loss of consciousness, vomiting, headaches, or dizziness, and he was alert and mobile.
In opposition, plaintiff submitted a conclusory affirmation that failed to specifically address the criteria relied upon by defendants' expert in opining that plaintiff's presentation did not warrant further investigation of a possible skull fracture.
Rather, without support from the medical record, plaintiff's expert opined that the injury occurred in the pterion region of the skull, and, moreover, defendants negligently failed to elicit the "mechanism" of injury, i.e., that plaintiff was stabbed, which, when taken together with the location of the wound, would have indicated a likelihood that plaintiff had sustained a skull fracture. Plaintiff's expert further opined, without elaboration, that plaintiff must have had evidence of injury during his initial ER visit since he was diagnosed with a days-old skull fracture less than a week later, and therefore defendants' examination of him was cursory and deficient. These opinions, which rely on hindsight and are both speculative and conclusory, are insufficient to raise
a triable issue of fact (see Mariani v Hodjati, 148 AD3d 495, 495-496 [1st Dept 2017]; see also Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020