Weitz v Bernstein (2021 NY Slip Op 03274)





Weitz v Bernstein


2021 NY Slip Op 03274


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Mendez, JJ. 


Index No. 805322/15 Appeal No. 13896 Case No. 2020-03754 

[*1]Adam Weitz, Plaintiff-Appellant,
v
Robert M. Bernstein, M.D., et al., Defendants-Respondents, Merck & Co. et al., Defendants.


Alan C. Milstein, New York, for appellant.
Kutner Friedrich, LLP, New York (Tracy F. Solomon of counsel), for respondents.



Order, Supreme Court, New York County (Joan A. Madden, J.), entered June 25, 2020, which, to the extent appealed from as limited by the briefs, granted defendants Robert M. Bernstein, M.D. and Bernstein Medical, P.C.'s motion for summary judgment dismissing the causes of action for medical malpractice and lack of informed consent as against them, unanimously affirmed, without costs.
Defendants established prima facie that they did not depart from good and accepted medical practice in prescribing Propecia (finasteride) to treat plaintiff's early stage male pattern hair loss (see generally Ducasse v New York City Health & Hosps. Corp., 148 AD3d 434, 435 [1st Dept 2017]; Roques v Noble, 73 AD3d 204, 206 [1st Dept 2010]). Their expert dermatologist explained the science and chemistry relevant to Propecia and post-finasteride syndrome (PFS) before proceeding to explain his opinion that defendants did not deviate from the applicable standard of care. He also explained his opinion that the explanations that Dr. Bernstein gave to plaintiff about PFS and the potential side effects of taking Propecia in fact went above and beyond the applicable standard of care. Contrary to plaintiff's argument, the expert's opinions were not contradicted by the available evidence, and his opinion was sound even without reference to the study that plaintiff criticizes him for relying upon.
Plaintiff failed to raise an issue of fact in opposition. His expert internist's opinion is conclusory and fails to address defendants' expert's opinions specifically (see DiLorenzo v Zaso, 148 AD3d 1111, 1112 [2d Dept 2017]; Cruz v New York City Health & Hosps. Corp., 188 AD3d 592, 592 [1st Dept 2020]). The expert also failed to refer to the facts or medical evidence he relied upon in forming his opinion (see Bendel v Rajpal, 101 AD3d 662, 664 [2d Dept 2012]; see Nahigian v Kaplitt, 165 AD3d 418, 419 [1st Dept 2018]). Nor did the April 2012 revisions to the drug's label raise an issue of fact, since the literature that defendants gave plaintiff about Propecia's potential side effects was consistent with those revisions.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021