Foster v Kassab (2022 NY Slip Op 00007)





Foster v Kassab


2022 NY Slip Op 00007


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Gische, J.P., Singh, Mendez, Shulman, Pitt, JJ. 


Index No. 28645/18E Appeal No. 14949 Case No. 2020-02748 

[*1]Dorothy Foster, as Administratrix of the Estate of Ky Marcel Swails, Deceased, Plaintiff-Appellant,
v
Maria Kassab, M.D., et al., Defendants-Respondents.


Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York (Brian J. Shoot of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Elina Druker of counsel), for respondents.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered on or about May 4, 2020, which, to the extent appealed from, granted defendants Dr. Maria Kassab, Dr. Jean Balzora, Lincoln Hospital Medical and Mental Health Center, and New York City Health and Hospitals Corporation's motion for summary judgment dismissing the causes of action for medical malpractice and negligence and negligent hiring/credentialing and vicarious liability as against them, unanimously affirmed, without costs.
Defendants established prima facie, through detailed expert affidavits supported by the record evidence, that their treatment of plaintiff's decedent did not depart from good and accepted medical practice and was not a proximate cause of the decedent's injuries. In opposition, plaintiff failed to raise an issue of fact. Plaintiff's expert gastroenterologist opined that the decedent's gastroenterologist should have performed an esophagogastroduodenoscopy (EGD) at the decedent's first visit, without addressing the fact that the decedent, who reported that his epigastric pain had subsided following treatment to clear his H. pylori infection, showed no anemia, no persistent vomiting, no unexplained weight loss, no dysphagia, or any other cancer alarm signals that would warrant an invasive procedure at that juncture. The expert also did not address the fact that the decedent reported having epigastric pain for six or seven years, that the pain was irritated by spicy food, allayed by bland carbohydrates, and subsided with treatment of his H. pylori infection, all of which indicated against a diagnosis of gastric cancer, assuming the cancer was present at that time. This expert and plaintiff's expert oncologist opined that the decedent's treating physician departed from good practice by failing to follow up with the decedent's gastroenterologist to ensure that an EGD was done. However, the treating physician, who is not a gastroenterologist, made the appropriate referral to a gastroenterologist and was entitled to rely on the gastroenterologist's determination that an EGD was not warranted at that time (see Burtman v Brown, 97 AD3d 156, 163-164 [1st Dept 2012]).
Plaintiff also failed to raise an issue of fact as to proximate cause. A delayed diagnosis, even if a deviation from accepted practice, is insufficient standing alone to establish proximate cause (Kaffka v New York Hosp., 228 AD2d 332 [1st Dept 1996], lv dismissed in part and denied in part 89 NY2d 913 [1996]; 1B NY PJI3d 2:150 at 86 [2021]). Moreover, a conclusory statement that a physician's departure from accepted practice resulted in a delayed diagnosis leading to a less favorable prognosis and treatment is insufficient to raise a triable issue of fact regarding causation (Mosezhnik v Berenstein, 33 AD3d 895 [2d Dept 2006], 1B NY PJI 2:150 at 87). Plaintiff's expert oncologist stated only that the purported delay in ordering an EGD "more likely than not allowed for a significant period of progressive [*2]cancer growth and extent that limited [the decedent's] treatment options, as well as the expected extent of response to treatment." The oncologist offered no assessment of the stage of the cancer at the first gastroenterology consultation, its stage when discovered, and, if there were a difference, the resultant diminution in life expectancy or other injury (see Shekhtman v Savransky, 154 AD3d 592 [1st Dept 2017]; Curry v Dr. Elena Vezza Physician, P.C., 106 AD3d 413 [1st Dept 2013]; Aparicio v Goldberg, 94 AD3d 502 [1st Dept 2012]; compare Wager v Rao, 178 AD3d 434 [1st Dept 2019]; Polanco v Reed, 105 AD3d 438 [1st Dept 2013]; Dallas-Stephenson v Waisman, 39 AD3d 303 [1st Dept 2007]; Schaub v Cooper, 34 AD3d 268 [1st Dept 2006]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022