Rong Lan Lin v Wong (2022 NY Slip Op 00628)





Rong Lan Lin v Wong


2022 NY Slip Op 00628


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Acosta, P.J., Manzanet-Daniels, González, Mendez, Rodriguez, JJ. 


Index No. 805241/16 Appeal No. 15051 Case No. 2020-04595 

[*1]Rong Lan Lin, Plaintiff-Appellant,
v
Margaret Wong, M.D., et al., Defendants-Respondents.


Zucker & Regev, P.C., Brooklyn (Guy Regev of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla (Jacqueline Mandell of counsel), for Katie Zhang, M.D., respondent.
McAloon & Friedman, P.C., New York (Gina Di Folco of counsel), for Margaret Wong, M.D., Stephen Wan, M.D. and Stephen Wan, M.D., P.L.L.C., respondents.



Judgment, Supreme Court, New York County (George J. Silver, J.), entered August 11, 2020, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about July 1, 2020, which granted defendants' motions for summary judgment dismissing the complaint, unanimously modified, on the law, to vacate the judgment and restore plaintiff's claim for medical malpractice as against defendant Margaret Wong, M.D. and, vicariously, defendant Stephen Wan, M.D., P.L.L.C., and, as so modified, affirmed, without costs.
Following the delivery of plaintiff's baby, which proceeded without complication, defendant Dr. Wong manually removed the placenta from plaintiff's uterus. Two weeks later, defendant Dr. Zhang performed a dilation and curettage (D&C) procedure, during which, according to a subsequent pathology report, she removed about 78 grams of "[n]ecrotic placental tissue, inflamed smooth muscle consistent with myometrium[,] and scant fragments of inflamed endometrial tissue consistent with chronic endometritis." Plaintiff was subsequently diagnosed with stage IV Asherman's syndrome and is no longer able to carry a pregnancy to term. She claims that medical malpractice was committed, insofar as raised on appeal, by Dr. Wong in failing to properly inspect the placenta after delivery in order to ensure that it was completely removed and by Dr. Zhang in overaggressively performing the D&C.
Although medical "malpractice cannot rest solely on 20/20 hindsight" (Bogin v Metz, 180 AD3d 404, 406 [1st Dept 2020]), the post-D&C pathology report's finding of "necrotic placental tissue," retained in plaintiff's uterus two weeks after plaintiff gave birth, was relied upon not for hindsight evaluation, but rather for the inference that placental tissue remained in plaintiff's uterus after the initial manual removal.
This inference, when combined with plaintiff's expert's opinion on the standard of care, was sufficient to "raise[] genuine issues of material fact concerning the level of [examination] required . . . and whether this defendant deviated from that accepted level of care, proximately causing plaintiff's injuries" (Bradley v Soundview Healthcenter, 4 AD3d 194, 195 [1st Dept 2004]), which issues "cannot be resolved on a motion for summary judgment" (Diaz v NYU Langone Med. Ctr., 192 AD3d 534, 536 [1st Dept 2021]).
The evidence and competing expert opinions thus conflict as to whether defendant Dr. Wong failed to adequately examine the placenta, at the time of and immediately following its manual extraction, to see if it was completely removed (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]).
In opposition to defendant Dr. Zhang's prima facie showing of entitlement to judgment as a matter of law, however, "plaintiff failed to raise a triable issue of fact. The affirmation from her expert set forth only general conclusions, misstatements of evidence and unsupported assertions, which were insufficient to demonstrate [*2]that [defendant] failed to comport with accepted medical practice, or that any such failure was a proximate cause of [plaintiff]'s injuries" (Myers v Americare Certified Special Servs., Inc., 180 AD3d 582, 582-583 [1st Dept 2020]). Moreover, despite claiming to have reviewed the affirmation of defendant Dr. Zhang's expert, plaintiff's expert never specifically addressed his opinions (see DiLorenzo v Zaso, 148 AD3d 1111, 1112 [2d Dept 2017]; see also Cruz v New York City Health & Hosps. Corp., 188 AD3d 592, 592-593 [1st Dept 2020]).
Plaintiff's argument that Dr. Zhang overaggressively performed the D&C is based on the D&C pathology report, which, as noted above, recorded inflamed smooth muscle consistent with myometrium. According to plaintiff's expert, this "clearly represents an overly aggressive performance of a D&C." While both plaintiff's expert and Dr. Zhang's expert agreed that a D&C can increase the risk of developing Asherman's syndrome, plaintiff's expert did not address Dr. Zhang's expert's opinions that seeing myometrium on D&C pathology was neither uncommon nor indicative of either an overaggressively performed D&C or a departure from the applicable standard of care.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022