Flores v New York City Health & Hosps. Corp. (2022 NY Slip Op 02507)

Flores v New York City Health & Hosps. Corp.

2022 NY Slip Op 02507

Decided on April 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 19, 2022

Before: Gische, J.P., Webber, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 27869/18E Appeal No. 15735 Case No. 2021-04810 

[*1]Luis Flores, as Proposed Administrator of the Estate of Juan Flores, et al., Plaintiffs-Appellants,
v
New York City Health and Hospitals Corporation, Defendant, New York City et al., Defendants-Respondents.

Diamond and Diamond LLC, Brooklyn (Stuart Diamond of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondents.

Order, Supreme Court, Bronx County (George J. Silver, J.), entered October 14, 2021, which granted defendants New York City, New York City Department of Corrections, New York City Correctional Health Services and New York City Department of Health and Mental Hygiene's motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants established prima facie, through an expert affirmation supported by the record evidence, that their treatment of the decedent before he was admitted to Bellevue Hospital on September 14, 2017, did not depart from good and accepted medical practice and was not a proximate cause of the decedent's injuries. In opposition, plaintiffs failed to raise an issue of fact. Plaintiffs' expert cardiologist opined in conclusory fashion that the decedent's chest pain following the cardiac ablation performed to treat paroxysmal afibrillation should have alerted health care providers at Rikers Island that he was developing an atrial-esophageal fistula, a rare complication of the procedure, and that they should have timely transferred him to Bellevue Hospital for further treatment. However, the expert failed to address defendants' expert's opinion that the chest pain was consistent with an ablation, since the procedure could irritate the pericardium, or the fact that the decedent also suffered chest pain before the procedure, indicating that the chest pain could be attributed to a source other than a fistula (see e.g. Zeldin v Michaelis, 105 AD3d 641 [1st Dept 2013]). The fact that the decedent developed a fistula in itself is insufficient to raise an issue of fact as to their departure from good and accepted medical practice (see Bogin v Metz, 180 AD3d 404, 406 [1st Dept 2020]).
Plaintiffs also failed to raise an issue of fact as to proximate cause (see Foster v Kassab, 201 AD3d 405, 406 [1st Dept 2022]). Their expert cardiologist opined that the decedent would have had an increased chance of survival if he had been transferred to Bellevue Hospital before September 14, 2017, but offered no assessment of the progression of the fistula to support this opinion. Although their expert radiologist opined that the decedent's September 14, 2017 CT scan showed evidence of a fistula, he did not opine as to whether the fistula would have been detectable before the date of the scan so as to demonstrate proximate cause related to defendants' conduct. Plaintiffs' contention that the fistula would have been detectable before the decedent's transfer to Bellevue Hospital on September 14, 2017, so as to permit earlier diagnosis and
treatment, is purely speculative (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 19, 2022