Clifford v White Plains Hosp. Med. Ctr. (2023 NY Slip Op 02937)

Clifford v White Plains Hosp. Med. Ctr.

2023 NY Slip Op 02937

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Kapnick, J.P., Oing, Gesmer, Singh, Shulman, JJ. 

Index No. 805010/19 Appeal No. 353 Case No. 2022-04496 

[*1]Michael Clifford et al., Plaintiffs-Respondents,
v
White Plains Hospital Medical Center Also Known as White Plains Hospital et al., Defendants-Appellants, John Does 1-10 etc., et al., Defendants.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Deirdre E. Tracey of counsel), for White Plains Hospital Medical Center, Rafael Torres, M.D. and Dean Straff, M.D., appellants.
Kaufman Borgeest & Ryan LLP, Valhalla (Jacqueline Mandell of counsel), for James Wyss, M.D. and Hospital for Special Surgery, appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondents.

Order, Supreme Court, New York (Erika M. Edwards, J.), entered on or about October 3, 2022, which, to the extent appealed, denied the summary judgment motions of defendants Hospital for Special Surgery (HHS) and James Wyss, M.D. (collectively the HHS defendants) and defendants White Plains Hospital Medical Center, Rafael Torres, M.D., and Dean Straff, M.D. (collectively the WPH defendants), unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment dismissing the complaint.
The HHS and WPH defendants each established entitlement to summary judgment with the affidavits of expert witnesses who averred that, in the face of no symptomology of infection or complaints relative to his neck, defendants were not required to include a cervical spinal abscess in their differential diagnosis of plaintiff Michael Clifford, and their purported failures to perform blood testing for infection or cervical spine imaging were not deviations from the standard of care (see Cruz v New York City Health & Hosps. Corp. (188 AD3d 592 [1st Dept 2020]; Perez v Riverdale Family Med. Practice, P.C., 177 AD3d 554 [1st Dept 2019]). In opposition, plaintiff's expert failed to raise an issue of fact. The assertion that an emergency lumbar spine MRI was required in the face of plaintiff's low back pain and that the negative results of that exam would have led the doctors to further testing including a cervical MRI and blood work, thus diagnosing the cervical abscess, is hindsight that cannot be employed to avoid the fact that defendants were not required to investigate an otherwise unindicated condition (see Rotante v New York Presbyt. Hosp.- N.Y. Weill Cornell Med. Ctr., 175 AD3d 1142 [1st Dept 2019]; David v Hutchinson, 114 AD3d 412 [1st Dept 2014]; Rivera v Greenstein, 79 AD3d 564 [1st Dept 2010]).
Furthermore, as to the HHS defendants, plaintiff's expert did not set forth that he had ever diagnosed or treated the back injuries and/or conditions at issue here, and was not qualified to opine on the standard of care relative to Dr. Wyss (see Villani v Kings
Harbor Multicare Ctr., 190 AD3d 534 [1st Dept], lv dismissed 37 NY3d 1085 [2021]; see also Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672 [2nd Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023