Murphy v Chinatown Cardiology, P.C. (2023 NY Slip Op 05321)

Murphy v Chinatown Cardiology, P.C.

2023 NY Slip Op 05321

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Kapnick, J.P., Singh, Friedman, González, Shulman, JJ. 

Index No. 805038/16 Appeal No. 854 Case No. 2022-04998 

[*1]Karen L. Murphy etc., et al., Plaintiffs-Appellants,
v
Chinatown Cardiology, P.C., et al., Defendants-Respondents.

Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellants.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Deirdre E. Tracey of counsel), for respondents.

Order, Supreme Court, New York County (Judith McMahon, J.), entered October 21, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the causes of action for medical malpractice, loss of consortium, and wrongful death, unanimously modified, on the law, to reinstate the causes of action for medical malpractice and loss of consortium, and otherwise affirmed, without costs.
Plaintiffs allege that on March 27, 2014, defendants perforated decedent's artery during a peripheral arterial procedure, which led to decedent suffering from a cardiac arrest, seizure, and stroke during a subsequent corrective procedure at The Valley Hospital the following day. After plaintiffs sued, decedent died from Covid-19 on April 24, 2021. Defendants' expert concedes that defendants inadvertently passed a wire through decedent's renal artery and punctured the kidney. The parties' experts disagree as to whether perforation of the renal artery represents a departure from the standard of care.
"In a medical malpractice action, the plaintiff must show that the defendant 'deviated from acceptable medical practice, and that such deviation was a proximate cause of the plaintiff's injury'"(Mazella v Beals, 27 NY3d 694, 705 [2016], quoting James v Wormuth, 21 NY3d 540, 545 [2013]). Accordingly, to meet its burden on summary judgment, a defendant must establish the absence of a departure "from good and accepted medical practice" or that "any such departure was not a proximate cause of the plaintiff's alleged injuries" (Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). "Generally, 'the opinion of a qualified expert that a plaintiff's injuries were caused by a deviation from relevant industry standards would preclude a grant of summary judgment in favor of the defendants' " (id., quoting Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]).
Supreme Court held that defendants established their prima facie entitlement to summary judgment through their expert's opinion that perforation is a known and accepted risk of the procedure, which does not indicate negligence on the part of defendants (see Greenspan v Stand-Up MRI of Manhattan, P.C., 206 AD3d 588, 589 [1st Dept 2022]). In opposition, plaintiffs' expert disputed this assertion, opining that perforation of the renal artery should not have occurred during a procedure to clear arterial blockages in decedent's legs. Neither party challenges the qualifications of either expert. Thus, plaintiffs raised an issue of fact as to whether defendants met the standard of care (see Ayers v Mohan, 182 AD3d 479, 480 [1st Dept 2020]; Anyie B., 128 AD3d at 4-7).
Defendants failed to meet their prima facie burden as to causation of decedent's non-Covid injuries. Although defendants' expert opined that the cause of decedent's injuries was negligent delay by The Valley Hospital, any such delay "does not absolve defendant[s] from liability because there may be [*2]more than one proximate cause of an injury" (Mazella, 27 NY3d at 706 [quotation marks]). Malpractice in treating an injury is a foreseeable consequence of that injury, which does not supersede the causal role of the initial tort (see Mazella, 27 NY3d at 708; Datiz v Shoob, 71 NY2d 867, 869 [1988]; Greenspan, 206 AD3d at 590). Therefore, regarding these injuries, defendants' expert "never actually opined that [decedent's] claimed injuries were not causally related to defendants' alleged malpractice" (Hoffman v Taubel, 208 AD3d 1099, 1100 [1st Dept 2022]).
Plaintiffs' expert, however, failed to rebut defendants' arguments for dismissal of the wrongful death cause of action. Based on hospital records, defendants' expert identified numerous risk factors that likely contributed to decedent's death from Covid-19, all of them unrelated to perforation of the decedent's renal artery. In opposition, plaintiffs offer mere speculation that decedent's neurological injuries may have increased his vulnerability to respiratory diseases. Such speculation is insufficient to raise an issue of fact (see Flores v New York City Health & Hosps. Corp., 204 AD3d 513, 514 [1st Dept 2022]; Shahid v New York City Health & Hosps. Corp., 47 AD3d 800, 802 [2d Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023