J.C. v London

2026 NY Slip Op 02042

April 2, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

J.C., etc., et al., Plaintiffs-Appellants-Respondents,

v

Ronald London, M.D., et al., Defendants-Respondents-Appellants.

Decided and Entered: April 02, 2026

Index No. 33505/20|Appeal No. 6256|Case No. 2024-07726|

Before: Mendez, J.P., Pitt-Burke, Higgitt, Hagler, JJ.

Uptown Injury Law PLLC, Bronx (Kyle Newman of counsel), for appellants-respondents.

Heidell, Pittoni, Murphy & Bach, LLP, New York (Gregory I. Freedman of counsel), for Ronald London, M.D. and Westmed Medical Group, respondents-appellants.

Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Jacob L. Bentley of counsel), for Elissa Yozawitz, M.D., Judah Burns, M.D. and Montefiore Medical Center, for respondents-appellants.

[*1]

Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered on or about November 21, 2024, which granted in part and denied in part defendants' respective motions for summary judgment dismissing the complaint, unanimously modified, on the law, to grant defendants' motions in their entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Defendants established prima facie entitlement to summary judgment through their submission of expert affidavits that defendants' respective treatment of plaintiff fell within good and accepted standards of care and that no alleged departure from the applicable standard of care proximately caused plaintiff's injuries (see Scalisi v Oberlander, 96 AD3d 106, 120 [1st Dept 2012]). In opposition, plaintiffs submitted an expert affidavit from an anonymous neurosurgery medical doctor, who, contrary to defendants' contention, could opine on the applicable standard of care (see Limmer v Rosenfeld, 92 AD3d 609, 609 [1st Dept 2012]). Plaintiffs' expert sufficiently raised some triable issues as to whether defendants deviated from the applicable standard of care (see Scalisi, 96 AD3d at 120).

Nevertheless, plaintiffs' expert affidavit was insufficient to raise a triable issue as to proximate causation (see Foster v Kassab, 201 AD3d 405, 406 [1st Dept 2022]). Defendants' experts opined that plaintiff's condition in 2015 would not have warranted surgical intervention, and that any symptoms were properly treated with medication and monitoring. In opposition, plaintiffs' expert did not suggest when surgery was indicated in plaintiff's case between the time of the relevant treatment in 2015 and when plaintiff became symptomatic, at which time plaintiff presented to other healthcare providers in 2020 complaining of "tussive" occipital headaches. Further, plaintiffs' expert does not opine as to how, if at all, different treatment in 2015, including potential surgery, would have changed plaintiff's outcome.

We have considered plaintiffs' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 2, 2026